WALTER ANDRUS v. MARY E. PETTUS, EXECUTRIX, &c.

1. Where parties had improperly joined as plaintiffs, in a suit on two differ-
   ent causes of action, it was not error to permit them to amend their peti-
   tion by dropping one of the parties plaintiff, and withdrawing his cause
   of action. Such amendments, however, are subject to the supervision
   and control of the court, and should be granted only on just and equi-
   table terms ; and if a party through ignorance or carelessness joins un-
   necessary parties, he should be taxed with all costs up to the time of
   amendment.
2. In defense to a suit on a promissory note, the defendant put in a plea of
   set off in reconvention, alleging that the plaintiff was indebted to him
   in the sum of two hundred dollars for services rendered the estate of F.,
   deceased, at the request of the plaintiff, who was administrator of the
   estate. *Held* to be a good defense, and that the court below erred in
   excluding evidence offered to establish the plea.
3. An administrator who employs an attorney to transact business for the
   estate he represents, is personally responsible to the attorney for his
   services, there being no special contract ; but the attorney has his
   choice to demand his compensation either of the administrator individu-
   ally, or of the estate. (Caldwell *v.* Young & Morgan, 21 Texas, 800,
   cited by the court.)

APPEAL from Fort Bend. Tried below before the Hon.
Livingston Lindsay.

This suit was originally instituted in the District Court of
Fort Bend county, by J. R. & W. G. Pettus, against Walter
Andrus, on two notes given for medical services. One of the
notes was for one hundred and twenty-eight dollars, executed
by Walter Andrus to J. R. Pettus individually; the other was
for thirty-eight dollars and twenty-five cents, and executed by
the same party to J. R. & W. G. Pettus as a firm.

Defendant answered by plea in abatement or exception to the
joinder of parties plaintiff and causes of action, and also filed a
general and special denial, and pleaded offset in reconvention
against J. R. Pettus, for legal services rendered him while ad-
ministrator of the estate of S. M. Frost, deceased. This was at
the October term, 1868. At the October term, 1869, plaintiffs
amended by dropping W. G. Pettus as a co-plaintiff, and with-

drawing the note due to J. R. & W. G. Pettus. At the March term, 1870, defendant amended, and excepted to plaintiff's attempt to withdraw one note and drop one plaintiff, on the ground that such error could not be cured by amendment. The court allowed the amendment, and continued the suit on the note of J. R. Pettus, taxing the costs to that date on plaintiffs. At the November term, 1870, the death of the plaintiff was suggested, and the cause continued to make parties. At the March term, 1871, Mary E. Pettus, executrix of J. R. Pettus, appeared and made herself party to the suit, and the case was continued by the parties for arbitration. July term, 1871, the case was continued by consent. At the October term, 1871, the plaintiff filed an exception to the defendant's plea in reconvention; the exception was sustained, and the parties announced ready for trial. Verdict and judgment were had in favor of the plaintiff. Defendant moved for a new trial, and his motion being overruled he excepted and gave notice of appeal.

*Gustave Cook, George Quinan,* and *P. E. Pearson,* for appellant.

No brief for appellee has reached the hands of the reporter.

OGDEN, J. There was no error in the rulings of the court in this cause, in permitting the plaintiff to amend his petition by dismissing the suit as to one of the plaintiffs, and by withdrawing one of the notes originally sued on, and then prosecuting his suit in his own name upon the note payable to him alone. This practice is in entire harmony with our blended system of practice, where the chief object is the attainment of justice to all, with the least possible delay, and unincumbered with unnecessary technicalities and forms.

In the case of Johnson *v.* Davis, 7 Texas, 114, and in Emmons *v.* Oldham, 12 Texas, 26, the right of parties to dismiss a cause as to one or more of the plaintiffs or defendants, when there had been an improper joinder of parties, was fully con-

sidered, and definitely recognized. But as such amendments are subject to the supervision and control of the court, they may be granted on such terms and conditions as the court may deem just and equitable, and therefore, if a party, through ignorance or carelessness, has joined unnecessary and improper parties in a suit, he may and should be compelled to pay all costs up to the time of amendment.

We think the petition sufficiently definite in the description of the note, and not subject to demurrer or exceptions, as claimed by appellant. The amended petition contains full allegations of the execution of the note, the liability, and promise to pay; and the demurrer to the same was very properly overruled.

But there was error in the ruling of the court upon plaintiff's demurrer to defendant's plea in set off and reconvention. In his plea, the defendant claims that the plaintiff is justly indebted to him in the sum of two hundred dollars, for legal services rendered at the special instance and request of plaintiff. It is immaterial what were the character of the services rendered, or for the interest of what estate; if the plaintiff employed the attorney, and the services were rendered under that contract of employment, then, in the absence of any special agreement to the contrary, the plaintiff may be held individually responsible. Such was the contract set out in the plea in reconvention, and the defendant had a right to be heard by his evidence in support of that plea.

The fact that defendant was employed to represent an estate of a deceased person, by the administrator, cannot change the personal responsibility of the administrator, unless there was a special contract for that purpose.

In the case of Caldwell v. Young & Morgan, 21 Texas, 800, there was an employment by the guardians of minors, of attorneys to represent the estate of their wards, and this court says: "The attorneys, upon being retained and performing " the services, had their choice of two remedies—they could " hold Caldwell responsible individually, or they could present

" their claims to the guardians as against the estate of the " wards." And in Price *v.* McIver, 25 Texas, 770, Justice Wheeler, in delivering the opinion of the court, in relation to debts incurred by an administrator against an estate, says: " And it (the law) contemplates that he will have incurred the " expense, by the payment of the money, or by becoming per- " sonally responsible to a third person."

We therefore conclude that, in the case at bar, the defendant might have held the administrator individually responsible for the value of any services rendered to the estate, at the instance of the administrator, unless there had been an express agreement to the contrary. And if he had a right to hold the administrator individually liable for such services, then he could have pleaded the value of those services in reconvention and set off, against an individual note. The attorney had the choice of creditors, and if he had performed valuable services for the estate, independent of the ordinary and legitimate duties of the administrator, then he would be entitled to a reasonable and fair compensation from the estate he had represented; or he might look directly to the administrator for the reasonable value of such services.

We think the court erred in sustaining the demurrer to the defendant's plea of offset and reconvention, and for this cause, the judgment is reversed and the cause remanded.

Reversed and remanded.