## LONGHART SUPPLY CO. v. ZWEIFEL.
### No. 2542.

Court of Civil Appeals of Texas. El Paso.
May 14, 1931.

Rehearing Denied June 11, 1931.

P. W. Seward and Smith & Smith, all of Fort Worth, for appellant.

Zweifel & Tuohy and Joe Ingraham, all of Fort Worth, for appellee.

HIGGINS, J.

Appellant brought this suit against the appellee to recover a balance of $1,126.46, due upon verified open account for goods, wares, and merchandise sold and delivered to the defendant.

Appellee answered by general demurrer, general denial and special plea, setting up that on April 18, 1927, the estate of Hofmeier Healy Drilling Company, a partnership, was assigned to defendant in trust for the benefit of the creditors of said company, which assignment was made at the request and behest of said creditors; that the debt sued for was contracted by the trustee in his capacity as such, and the materials furnished by plaintiff were used by the trustees for the benefit of the trust estate, which was well known to plaintiff, its agents and representatives, and that the debt sued for is not the individual debt of the defendant, but the debt of Hofmeier Healy Drilling Company, a trust estate.

Upon trial without a jury, judgment was rendered that the plaintiff take nothing.

Defendant in his testimony admitted there was no question as to the correctness of the item of $1,126.46, and same had not been paid. The only question at issue is whether or not the defendant is personally liable therefor.

The uncontroverted evidence shows the drilling company was hopelessly insolvent at the time the assignment was made. The creditors of the company, of which the plaintiff was one, requested defendant to accept the assignment of all of the assets of the company for the benefit of its creditors and complete the drilling of six wells for oil and gas which were then being drilled by the company in the hope that oil or gas in paying quantities would be found and the creditors thus be paid. Defendant accepted the assignment, completed the drilling of the wells, in connection with which it was necessary for him to purchase certain casing and materials, amounting to $8,288.60, which were purchased from the plaintiff and all of which were paid for with the exception of the item sued for.

■ A trustee in making contracts may expressly stipulate that the trust estate and not he shall be liable thereon. In the absence of such an agreement he is personally liable upon the contract. 39 Cyc. 333; 25 R. C. L. p. 1316, § 175; 9 Fletcher, Cyc. "Corporations," p. 10499, § 6095; Connally v. Lyons, 82 Tex. 664, 18 S. W. 799, 27 Am. St. Rep. 935; Webster & Sons v. Utopia Confectionery (Tex. Civ. App.) 254 S. W. 123; Bank of Washington v. Ry. Co. (Tex. Civ. App.) 293 S. W. 599; Taylor v. Davis, 110 U. S. 330, 4 S. Ct. 147, 28 L. Ed. 163. This principle is also applied against executors and administrators. 11 R. C. L. p. 167, § 177; 24 C. J. p. 739; McGloin's Executors v. Vanderlip, 27 Tex. 366; Andrus v. Pettus, 36 Tex. 108.

■ Tested by the rule stated, we doubt if the special answer states any defense. In any event, the evidence shows none. It is true the evidence shows the plaintiff was one of the creditors of Hofmeier Healy Drilling Company and one of the beneficiaries of the trust; that it was one of the creditors which requested defendant to carry on the drilling operations. The defendant testified it was not his understanding that plaintiff was to collect the item of $1,126.46 from him, but at the same time he admitted "there was no word mentioned of it." Nowhere in his testimony does he undertake to say there was any agreement, express or implied, between himself and the plaintiff, relieving him of personal liability for the item in controversy, nor is any such inference deducible from the testimony.

We therefore sustain the appellant's contention that in the state of the evidence the

judgment in defendant's favor is erroneous. Upon this conclusion it becomes unnecessary to consider those assignments complaining of the admission of certain testimony of the defendant which was objected to upon the ground that there was no pleading to authorize its admission. The question should not arise upon retrial.

We will not reverse and here render judgment in favor of the plaintiff, for the record discloses that, when the case was called for trial, the court refused the defendant leave to file an amended answer and struck from the record such amended answer which the defendant had actually filed, while the court had under advisement the matter of permitting such filing. Under such circumstances it is within our discretion to reverse and remand the cause for retrial and full development of the facts rather than to here render.

Reversed and remanded.