## ZWEIFEL v. KEYSTONE PIPE & SUPPLY CO.*
### No. 12799.

Court of Civil Appeals of Texas. Fort Worth.
March 25, 1933.

Rehearing Denied April 29, 1933.

*Writ of error granted.

Zweifel & Tuohy and J. T. Raney, all of Fort Worth, for appellant.

Slay & Simon, of Fort Worth, for appellee.

LATTIMORE, Justice.

Appellee delivered to Hofmeier-Healy Drilling Company oil well casing under terms which gave it the right to retake same at the time this controversy arose. With the pipe in the hands of the Hofmeier-Healy Company, that company, being insolvent, made an assignment for the benefit of creditors to appellant, who accepted the appointment and in the course of his affairs thereunder wrote this letter to appellee:

"Fort Worth, Tex., April 10, 1932.
"Keystone Pipe & Supply Co.,
"Fort Worth, Texas.

"Dear Sir: Att'n Mr. Horwitz.

"With reference to our verbal conversation concerning the pipe and casing sold to Hofmeier-Healy Drilling Company by Keystone Pipe & Supply Company before Hofmeier-Healy Drilling Company made an assignment to myself as Trustee for the benefit of the creditors, and which pipe has been left in my possession, upon which you hold a purchase-money lien for the payment of your debt, you are advised that you may at once take possession of 24 joints of 15½″ casing; 94 joints of 12½″ casing; 189 joints of 10″ casing; 281 joints of 8¼″ casing; and 20 joints of 6-5/8″ casing, under your lien and mortgage and proceed to dispose of same as you see fit, giving to Hofmeier-Healy Drilling Company credit for same.

"With reference to the 300 feet of 15½″ casing and 750 feet of 12½″ casing, which was used by myself as Trustee for the Hofmeier-Healy Drilling Company in making settlement with Mike Huber et al., upon a contract made by Hofmeier-Healy Drilling Company at Culberson County, Texas, you are advised that this pipe will be replaced as far as possible by all of the casing now in my possession upon which you do not hold a mortgage, towit: 80 joints of 10″ casing and 7 joints of 20″ casing.

"With reference to the 12 joints of 15½″ casing, the 42 joints of 12½″ casing and the 80 joints of 10″ free of lien casing, now being used by me in the drilling of the well on the Roy Parks ranch, you are advised that as soon as this well is completed, the above casing will be pulled and placed in the railroad yards at Odessa, at your disposal.

"Very truly yours, [Signed] Henry Zweifel, Trustee Estate Hofmeier-Healy Drilling Company in Assignment."

Appellee brought suit for the breach of the promises set out in this letter.

For this letter to create a valid obligation it must constitute a novation of the pre-existing contract by which appellee delivered its pipe.

■ Among the four essentials usually named, Davis v. Wynne (Tex. Civ. App.) 190 S. W. 510, as fundamental to a novation is the extinguishment of the old obligation, Street v. Smith Bros. Grain Co. (Tex. Civ. App.) 255 S. W. 788, by the giving and acceptance of the new promise itself as distinguished from performance thereof, Pierce Fordyce Oil Ass'n v. Woods (Tex. Civ. App.) 180 S. W. 1181. Intent, therefore, by all parties is essential. Austin v. Guaranty State Bank (Tex. Civ. App.) 300 S. W. 129, 130.

■ The appellee, on whom the burden rested, did not prove any such intent, and we think the letter affirmatively shows such was not its purpose. Appellee was, for the casing that day surrendered, "to give credit for same" to Hofmeier-Healy Company, showing that the writer considered the old account would continue. The Huber casing was to be replaced "as far as possible" with the 10-inch and 20-inch showing he considered himself liable for the balance by virtue of the old account remaining in existence.

■ The casing described in the first paragraph of the letter was delivered to the appellee. Only portions of the 15½″ and 12½″ described in paragraphs 2 and 3 of the letter were delivered. This casing already belonged to appellee and was taken possession of by appellant as trustee. For its conversion he is personally liable. Connally v. Lyons, 82 Tex. 664, 18 S. W. 799, 27 Am. St. Rep. 935; Longhart Supply Co. v. Zweifel (Tex. Civ. App.) 39 S.W.(2d) 959.

On April 27, 1928, appellant wrote appellee a letter which in part is as follows: "If you are unwilling to permit the use of this pipe free of all rental for the purpose of attempting along with the other creditors to secure a producing well from which all creditors might be paid, then it must be considered that the amount of the rental due you would be in the neighborhood of $1,000.00 and I am willing to repay to you out of the estate for the expense, as you might be out for the moving of this pipe, to not exceed $1000.00; which $1000.00, if you insist, will be treated as a trustee expense but not to be paid until the estate is closed up or until it is in such financial condition as enable this to be paid from the money in the hands of the trustee."

We believe this shows affirmatively that as to such appellant limited his liability to such as he could pay from the trust estate. This last is shown by the record to have been fully closed and insolvent and unable to pay any of said claim.

■ Appellant was also receiver under court order of the Vitek Company. He as trustee of the Hofmeier-Healy Company sold

to himself as receiver of the Vitek Company some $1,200 worth of casing belonging to appellee and not included in any of the above lists. He then requested appellee to charge same to appellant as receiver and credit appellant as trustee. This appellee did. The receivership estate dividend on this claim was $486.71, which appellee declined to accept, and which appellant now tenders. The trial court held that the liability of appellant on this item was limited to said dividend. We believe that this transaction constituted a "novation" as defined in the cases above cited. Especially see Davis v. Wynne, supra.

The trial court's findings are not sufficient to give us the facts on the view we take of the case, and it is reversed and remanded for further proceedings except as to the item of $486.71, above referred to, which is affirmed.