**S.B. & T. GEM IMPORTS, INC., Appellant,**

v.

**Aaron L. CRESWELL, Appellee.**

**No. 01–83–0630–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 31, 1984.

Christine Stone, Charles Nester, Timothy Horan, Jr., Nester & Horan, Houston, for appellant.

Aaron L. Creswell, pro se.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

OPINION

EVANS, Chief Justice.

This is an appeal from an order dismissing the plaintiff's action for want of prosecution. We reverse and remand.

■ The plaintiff has not filed a statement of facts. Neither does the record reflect that the trial court filed or was requested to file findings of fact and conclusions of law. However, the defendant has not filed a brief or otherwise challenged the factual statements contained in the plaintiff's brief. Thus, we accept the factual allegations set forth therein. Tex. R.Civ.P. 419.

The plaintiff instituted this action on December 29, 1978, to recover on two dishonored checks in the aggregate amount of $5,046. The defendant answered on February 2, 1979. Thereafter, on two separate occasions, July 25, 1979, and March 28, 1983, the defendant's trial counsel applied for and was granted leave to withdraw on the basis that his client had not paid attorney's fees as agreed. On August 20, 1979, the trial court denied the plaintiff's motion for summary judgment and entered its order to that effect on September 6, 1979. The docket sheet indicates that the cause was subsequently certified for the trial docket on June 13, 1983, and that on June 21, 1983, it was transferred for purposes of trial from the 189th District Court to the 152d District Court. The docket sheet also recites that on June 21, 1983, the case was called for trial on the court's non-jury docket, that no appearances were made, and that the trial court dismissed the case for want of prosecution. On July 25, 1983, the plaintiff filed a motion for rehearing, which the trial court denied, and on August 5, 1983, the court entered a final order dismissing the cause for want of prosecution because plaintiff did not answer when the case was called for trial. The plaintiff appeals from that order.

In plaintiff's verified motion for rehearing, counsel for the plaintiff stated:

### IV.

I was aware that this case was set for trial and that trial date was imminent. On Friday, June 17, 1983, and on Monday, June 20, 1983, I called the docket clerk's office to check on this case. On both occasions, I told the clerk that I would be trying the case. On Tuesday, June 22, 1983, at 9:00 A.M., I told the receptionist that the docket clerk would be calling to tell me to go to trial and I told the receptionist to please be sure I got the message.

### V.

When the docket clerk called our offices at 12:05 on June 21, 1983, she told our receptionist that Mark Achilles was to be in the 152nd District Court at 1:30 P.M. Mr. Achilles was out of the office and did not arrive back until 2 o'clock P.M. I did not find out about the trial setting until 2 o'clock P.M. I left immediately and reached the courtroom at 2:20 P.M., whereupon the Judge informed me that the case had been called and dismissed.

### VI.

The post card from the docket clerk's office informing us that trial herein was imminent, was not received by Nester & Horan until Wednesday, June 22, 1983.

### VII.

I was and am prepared to go to trial in this cause. I did not disregard the trial setting hereof, but was late due to accident and mistake.

■ According to the unchallenged statements contained in the plaintiff's brief, the trial court declined to hear any evidence offered at the hearing on the motion for rehearing, and proceeded to consider only the verified allegations set forth in the plaintiff's motion for rehearing. Under such state of the record, we assume that the trial court accepted as true the matters set forth in the plaintiff's sworn motion. *See* 4 R. McDonald, *Texas Civil Practice in District and County Courts* sec. 18.07.2 (rev.1971).

■ According to the sworn motion of plaintiff's counsel she advised the court clerk's office on two occasions that she would be the attorney handling the trial of

the case, and also left word with her receptionist that the clerk would be calling to advise when the case was reached for trial. Apparently, this information was not recorded by the court clerk, and when the case was reached, the clerk called the law office and left a message for the attorney who had signed the certification request. The conduct of plaintiff's trial counsel does not, under the circumstances, evidence an intentional or conscious indifference toward the prosecution of the case.

We conclude that the trial court abused its discretion in refusing to set aside its order of dismissal on the basis of the uncontradicted evidence submitted on behalf of the plaintiff in its motion for rehearing. *See Davis v. Laredo Diesel, Inc.,* 611 S.W.2d 943 (Tex.App.—Waco 1981, writ ref'd n.r.e.); and *Sandstrum v. McGruder,* 510 S.W.2d 388 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.).

The judgment of the trial court is reversed, the order of dismissal is set aside, and the cause is remanded for further proceedings.