**Geneva Kirk BROOKS, Appellant,**

**v.**

**James B. BROOKS, Appellee.**

**No. B14–88–00419–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 1, 1990.

Rehearing Denied March 22, 1990.

---

Robert Bugge and Rodney Jack Reynolds, Houston, for appellant.

Karl C. Hoppess, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION ON MOTION FOR REHEARING

ROBERTSON, Justice.

Geneva Kirk Brooks has filed a motion for rehearing alleging we erred in refusing to allow her to file a statement of facts and in refusing to consider fundamental errors shown in the transcript. James Brooks responds by asserting that appellant's points on rehearing have no merit and that appellant brought this appeal without sufficient cause and for delay purposes only. We find no merit in appellant's points and further find that appellant has pursued a frivolous appeal for purposes of delay only. We overrule appellant's motion for rehearing, and assess ten percent of the $173,-091.43 damage award as damages for appellant's delay.

Rule 84 of the Texas Rules of Appellate Procedure gives us discretion to penalize a litigant for taking an appeal "for delay and without sufficient cause." Because appellant failed to timely file a statement of facts in this case, we cannot review the evidence. Failure to present a statement of facts can constitute reliable evidence that a party is prosecuting an appeal without sufficient cause. *Ward v. Lubojasky*, 777 S.W.2d 156, 157 (Tex.App. —Houston [14th Dist.] 1989, n.w.h.).

The appeal of this case has taken approximately twenty-four months, primarily because of the numerous motions for extension of time filed by appellant. Appellant never made a written request for the statement of facts. Buddy Kirk, the other appellant, who later dismissed his appeal, requested that the court reporter prepare a statement of facts. Kirk filed two motions for extension of time to file the statement of facts. After Kirk voluntarily dismissed his appeal, we received the statement of facts, but did not file it because it was received after the deadline for filing and appellant did not timely file a motion for extension of time. Appellant obtained an additional sixty days added on to the ninety days granted by the court for filing the statement of facts by not filing a brief within the thirty day period provided by Rule 74(k) of the Texas Rules of Appellate Procedure. Three days before the deadline to file the brief, appellant filed a second motion for extension of time, which was granted, extending the time to January 16, 1989, 360 days after the trial court's judgment. Although appellant now challenges

the court's refusal to file the statement of facts, she did not raise that complaint in her original brief.

■ Appellant's consistent delay in filing a statement of facts and in filing her brief, alone, gives us sufficient cause to assess damages under Rule 84. Appellee, however, has attached to his motion for damages a copy of a letter he received from appellant's counsel during post-judgment discovery. We conclude that we may consider such letter in our review of appellee's motion, and that the letter plus the actions mentioned above warrant our assessment of a ten percent penalty. The letter was written by appellant to her attorney and states, in pertinent part:

> Unless a settlement was made extremely attractive, I would be the world's poorest businesswoman to simply give them everything in the judgment at this point for the following reasons:
>
> The cheapest money I can borrow on $200,000.00 is 14% and I would have to put up at least $400,000.00 in property as collateral. On the other hand, I can loan out $200,000.00 at 14%, take collateral on about $400,000.00 to assure payment so why would I pay off the judgment to save 10% interest? (Keep in mind that money loses about 10% of its buying power each year, so delaying will make payoff in cheaper dollars[) ]. Additionally, from the past experience I had, it took 4 years to go the Supreme Court route. Many things could happen in four years. Jim Brooks could die—he is in poor health (according to years of listening to his mother) and he has an incurable disease. If he were dead, my daughter would drop this whole suit—why? because it would be in her best interest to do so.
>
> Additionally, by delaying the payment of the judgment, I could have use of the money, the interest it will bring, the increased value of the money, and equity gains on properties which I can purchase. With $200,000.00 I can get leverage on at least $2,000,000.00 worth of property. The big consideration is this: Until such time as I might have to pay this judg-ment—THE INTEREST WOULD BE DEFERRED UNTIL THEN.
>
> Additionally, the time would give me time to hopefully recover some of this, if not all this loss, through the lawsuits which we are filing against Schwartz, etc. & Sneed & Brooks.
>
> Additionally, I know from a case I had before which was equally hopeless, I appealed for essentially the same reasons as the above, and on a small item, the Supreme Court remanded it to a lower court and ultimately I won the case. There is always the small hope that at least one judge will say "Why should this woman be denied justice simply because lawyers failed to do their duty" or they might question the fact that only the strict letter of the law was applied without regard to equity.

Appellee's attorney stated, in an affidavit attached to the motion, that:

> In accordance with the Texas Rules of Civil Procedure, I have been issuing interrogatories and requesting documents in aid of the judgment entered by the trial court in this cause. As a result of such discovery, the attached memorandum, marked Exhibit A, which was made in response to the Affiant's request to [appellant's attorney] for payment of the judgment, was delivered to the Affiant as a part of the discovery documents.

■ Generally, an appellate court must hear and determine a case on the record filed with it, and cannot consider documents attached as exhibits or appendices to briefs or motions. *Perry v. Kroger Stores Store No. 119,* 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, writ denied). Appellant has not responded to appellee's motion for damages. Under Rule 74(f) of the Texas Rules of Appellate Procedure, we may take appellee's unchallenged statements that the letter was received from appellant's attorney during post-judgment discovery as true. *S.B. & T. Gem Imports, Inc. v. Creswell,* 671 S.W.2d 145, 146 (Tex. App.—Houston [1st Dist.] 1984, no writ). Because the letter was not discovered until after the trial court, and this court, entered

judgment, the letter could not have been included in the original record on appeal.

By deciding to consider the letter attached to appellee's motion, we do not hold that any document attached to a motion may be considered by an appellate court. In this case, the letter is authenticated by the party who presented it and is not controverted by the opposing party. Appellant authored the letter so she is obviously aware of it. The letter was written the same day as this court's judgment, over one year after the trial court's judgment, so it could not have been discovered prior to our opinion and could not have been included in the original record. Further, in his motion, appellee does not ask us to correct trial court error; he asks us to act under our own authority and assess damages under Rule 84. We conclude that the letter is properly before us.

Appellant prosecuted her appeal without sufficient cause and for the sole purpose of delay. We overrule appellant's motion for rehearing and assess damages of $17,-309.14 pursuant to Rule 84.

MURPHY, J., dissents.