**Mae NACOL, Individually and as Trustee, and Shawn Nacol and Catherine Nacol, Beneficiaries, Appellants,**

**v.**

**R.B. McNUTT, Jr., Appellee.**

**No. A14–90–00058–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

August 9, 1990.

Rehearing Denied Oct. 4, 1990.

Mary M. Rawlins, Houston, for appellant.

James B. Davis, Houston, for appellee.

Before J. CURTISS BROWN, JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Justice.

This is a construction contract case. It involves issues of substantial performance and evidentiary sufficiency. It also contains questions of trust law. One of the contracting parties says she entered the contract only *as trustee for her grandchildren* and not in her personal capacity. We must decide who bears the burden of proof on that issue and whether the grandchildren received adequate notice of the litigation. *See* TEX.PROP.CODE ANN. § 115.015 (Vernon 1984) (requiring advance notice to beneficiaries). The jury made the following findings:

(1) Appellee R.B. McNutt agreed to construct a barn for appellant Mae Nacol, at a price of $44,000.

(2) McNutt substantially performed the contract.

(3) $29,800 would compensate McNutt for the services and materials he provided.

The court rendered judgment accordingly. We affirm.

■■■ Before going into the contract issues, we consider appellant's contention that the lower court erroneously rendered judgment without proof that the beneficiaries had received statutory notice. The law requires a plaintiff to provide beneficiaries with written notice of such an action against the trustee. TEX.PROP.CODE § 115.015.[1] The reason is obvious. Beneficiaries ought to be assured that their interests will be protected, that a potential conflict of interest will not threaten the ade-

quacy of their interests' representation. Although the statute on its face allows rendition of judgment so long as the notice was given more than 30 days earlier, the supreme court has observed that "[t]here are undoubtedly many instances in which a notice that is sent after verdict would not be sufficient to protect a beneficiary's interest in a trust." *Transamerican Leasing Co. v. Three Bears, Inc.*, 586 S.W.2d 472, 476 (Tex.1979). For example, post-verdict appointment of a guardian ad litem for minor beneficiaries has been held insufficient where the beneficiaries could show both conflicts of interests and inadequate representation. *Republic Nat'l Bank of Dallas v. Robert Ventures, Ltd.*, 637 S.W.2d 515, 520–21 (Tex.App.—Eastland 1982, writ ref'd n.r.e.). In our case the beneficiaries had actual representation by their own trial counsel who participated fully in the litigation. It would take a great deal of creativity to come up with an explanation for ordering a retrial here. *See also* TEX.R.APP.P. 81(b). We overrule the fifth point of error.

■■■ Appellant also insists she told McNutt she was acting only as trustee for her grandchildren when the contract was made. If that is so, she can escape personal liability. The first question in the charge asked:

Did the defendant disclose to Plaintiff that she was acting as trustee for the Shawn and Catherine Nacol Trust when they entered into the agreement, if any, for the Plaintiff to build the barn in question?

The jury said no. She complains that the question should have put the burden of proof on her opponent. What the question should have asked, she says, is whether she *concealed* the fact that she *was acting* as

---

1. The statute provides in part:

   (a) A court may not render judgment in favor of a plaintiff in an action on a contract executed by the trustee or in an action against the trustee as representative of the trust for a tort committed in the course of the trustee's administration unless the plaintiff proves that before the 31st day after the date the action began or within any other period fixed by the court that is more than 30 days before the

   date of the judgment, the plaintiff gave notice of the existence and nature of the action to:
   (1) each beneficiary known to the trustee who then had a present or contingent interest; or
   (2) in an action on a contract involving a charitable trust, the attorney general and any corporation that is a beneficiary or agency in the performance of the trust.

trustee. Unfortunately, she fails to explain why the burden belongs on her opponent. Her brief cites no case in support of the proposition maintained. Nor does it argue how such error (if it was) caused harm.

In our view the court correctly put the onus on the party seeking to escape personal liability. Under well-settled law a trustee bears personal liability on her contracts unless she expressly stipulates to the contrary. *E.g., Longhart Supply Co. v. Zweifel,* 39 S.W.2d 959, 959 (Tex.Civ.App.—El Paso 1931, no writ). This principle has been codified into statutory form: "The plaintiff may sue the trustee individually if the trustee made the contract and the contract does not exclude the trustee's personal liability." Tex.Prop.Code Ann. § 114.084(a) (Vernon 1984). That enactment grants a contract plaintiff the option of pursuing relief against the trustee either as an individual or in her representative capacity. *See id.* Texas trust law is replete with provisions which hold trustees to exacting standards. For example, where a claimant seeks to avoid a transaction with a fiduciary on grounds of unfairness, equity will presume invalidity and require the defendant to establish fairness. *Ginther v. Taub,* 570 S.W.2d 516, 525 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.). These burdens are entirely fitting; a trustee is, after all, presumptively entitled to reasonable compensation for her services. Tex.Prop. Code Ann. § 114.061(a) (Vernon 1984).

Moreover, it is the general practice of our law to accept things as they appear, unless someone proves that matters are more complex. That explains why, for instance, a written instrument is presumed to mean what it says. If someone seeks to establish a purchase money resulting trust against a parcel of land because she paid the purchase price, she has the burden to show it. This insures that contracts and deeds are not lightly set aside. *Carson v. White,* 456 S.W.2d 212, 215 (Tex.Civ.App.—San Antonio 1970, writ ref'd n.r.e.). One treatise has elaborated on this general idea:

> It is a matter of convenience to assume that things occurred as they usually do and to make the party who asserts the uncommon occurrence prove that it did happen as he claims. Thus where services are performed for another in an ordinary business or professional context, it is unlikely that they were understood to be gratuitous. It is not surprising, therefore, to find that the burden of proving such an understanding is on the one who claims it.

F. James & G. Hazard, Civil Procedure 252 (2d ed.1977) (footnote omitted). Accordingly, we hold the burden of proof is on the trustee to exclude personal liability on a contract. We overrule the fourteenth point of error.

■ The remainder of the case relates to the construction contract itself. As we noted earlier, the jury determined the parties had agreed on a $44,000 price for the barn construction. When asked whether McNutt substantially performed, the jury said yes. When asked whether McNutt performed his part of the agreement according to the terms of plaintiff's exhibit # 1 (a document outlining the barn's specifications), the jury said, "He did perform." When asked whether McNutt provided compensable services and materials to appellant, the jury said yes. Finally, the jury found $29,800 would compensate McNutt for those services and materials.

The two major areas of controversy are (1) the effect of alleged leaks in the roof, and (2) the effect of certain jewelry which appellant gave McNutt and which he sold for $14,200. The parties disagree over the adequacy of the barn's roof; the evidence at trial was conflicting. Appellant raises various complaints about exclusion of expert testimony, and about the way the court's charge dealt with matters of substantial performance. She also claims the court denied her credit for the $14,200 she had already paid.

In our view there is nothing to be gained from a prolonged doctrinal exposition on substantial performance. We can concede for the purposes of argument that the court's questions and instructions did not come from the pages of the pattern jury charges. But there remains an enormous hurdle which appellant cannot clear: the harmless error rule, Tex.R.App.P. 81(b)(1).

Probably the most powerful rule of civil procedure on the books, the harmless error rule forbids reversal unless the error "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case." It is the appellant's responsibility to persuade us of harm. She has not done so. In fact, she testified that McNutt had completed the barn precisely in accordance with exhibit # 1.

Similarly, certain expert testimony came in subject to a limiting instruction which told the jury to consider the evidence with respect to the trust but not with respect to Ms. Nacol. We have read the testimony and studied all of the exhibits. The limiting instruction, like the alleged charge errors, was not such as probably caused the rendition of an improper judgment. Rule 81(b)(1). Likewise, we reject the challenges to the sufficiency of the evidence. There was ample evidence for the finding of an agreement and a $44,000 price. There was also ample evidence for the finding of a $29,800 deficiency, especially when one considers that the difference between those two figures comes precisely to the amount for which McNutt sold the jewelry —$14,200. It is abundantly clear that the judgment is correct. All remaining points of error are overruled.

Affirmed.