Michael D. ANZILOTTI, Appellant,

v.

GENE D. LIGGIN, INC. and Charles
Hubbard, A.I.A., Appellees.

No. B14–94–00032–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 16, 1995.

Thomas G. Overbeck, Joe Byrom, Houston, for appellant.

Richard F. Greenleaf, Trey Bergman, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

This is an appeal from a judgment confirming an arbitration award. In five points of error, appellant, Michael Anzilotti, complains of the award. Liggin and Hubbard each bring one cross-point requesting sanctions. We affirm.

In October, 1990, appellee, Gene D. Liggin, Inc. (Liggin) and appellant, Michael D. Anzilotti, entered into a construction contract. Liggin was to renovate an existing building into a sound stage and movie studio. The construction contract provided for arbitration of any claims or controversies arising out of the contract in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association (CIAR–AAA). To assist in the construction project, Anzilotti also retained Charles Hubbard, an architect. Hubbard entered into a letter agreement with Anzilotti, as trustee, for the subsequently formed Anzilotti Investments, Inc. (Anzilotti Investments).

In January, 1991, Liggin filed suit against Anzilotti and Anzilotti Investments alleging breach of contract for failure to pay funds due under the contract. Anzilotti and Anzilotti Investments counterclaimed for breach of contract, breach of express and implied warranties, and violations of the Texas Deceptive Trade Practices–Consumer Protection Act. *See* Tex.Bus. & Com.Code Ann. § 17.41 *et seq.* (Tex. UCC) (Vernon 1987). Anzilotti and Anzilotti Investments also filed a third party suit against Hubbard alleging

breach of contract, breach of express and implied warranties, and violations of the Texas Deceptive Trade Practices Act. *See Id.* Hubbard answered with a general denial and requested offset for services provided to Anzilotti. Subsequently, the parties entered into an "Agreed Order" to submit the case to binding arbitration under CIAR–AAA.

After entering the "Agreed Order," but before arbitration, Hubbard filed a counterclaim against Anzilotti and Anzilotti Investments for funds due for services rendered. All the claims were submitted to the arbitrator. The arbitrator determined that 1) Anzilotti and Anzilotti Investments take nothing; 2) Anzilotti and/or Anzilotti Investments pay Liggin $89,000 in damages and $34,600 in attorney fees; and 3) Anzilotti and/or Anzilotti Investments pay Hubbard $24,500 in damages and $35,700 in attorney fees.

Anzilotti filed a motion to vacate the award of the arbitrator in the trial court. The trial court overruled Anzilotti's motion and entered a judgment in favor of Liggin and Hubbard. Anzilotti appeals the judgment of the trial court in five points of error.

█ In each of his points of error, Anzilotti complains of the arbitrator's award. In order for this court to have jurisdiction to review an arbitration award, an appellant must allege a statutory or common law ground to vacate the arbitrator's award. *Powell v. Gulf Coast Carriers, Inc.,* 872 S.W.2d 22, 24 (Tex.App.—Houston [14th Dist.] 1994, no writ). Revised Civil Statute article 237 provides the statutory grounds for vacating an award:

1. the award was procured by corruption, fraud or other undue means;

2. there was evident partiality, misconduct or willful misbehavior by an arbitrator prejudicing the rights of a party;

3. the arbitrators exceeded their powers;

4. the arbitrators refused to postpone the hearing upon sufficient cause being shown, or refused to hear material evidence or otherwise conducted the hearings contrary to the provisions of the Act so as to prejudice substantially the rights of a party; or

5. there was no arbitration agreement, the issue was not adversely determined under Article 225 to stay the arbitration proceeding, and the party did not participate in the arbitration hearing without objection.

TEX.REV.CIV.STAT.ANN. art. 237(A) (Vernon 1973).

█ Under the common law of this State, the test for determining whether or not an arbitration award must be vacated is whether the award is "tainted with fraud, misconduct, or such gross mistake as would imply bad faith and failure to exercise honest judgment." *Carpenter v. North River Ins. Co.,* 436 S.W.2d 549, 551 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Statutory arbitration is merely cumulative of the common law. *L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d 348, 351 (Tex.1977). In his points of error, Anzilotti alleges that the arbitrator was "grossly mistaken" (points two, three, and four) and acted beyond his authority (points one and five). We will address whether the arbitrator was grossly mistaken first.

█ In his second, third, and fourth points of error, Anzilotti argues that the arbitrator was either grossly mistaken or that there was no or insufficient evidence to support the award. An arbitration award is conclusive on the parties as to all matters of fact and law because the award has the effect of a judgment of a court of last resort. *Bailey and Williams v. Westfall,* 727 S.W.2d 86, 90 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). We must indulge every reasonable presumption to uphold arbitration awards. *Massey v. Galvan,* 822 S.W.2d 309, 316 (Tex.App.—Houston [14th Dist.] 1992, writ denied). A mere mistake of fact or law alone is insufficient to set aside an arbitration award. *Riha v. Smulcer,* 843 S.W.2d 289, 292 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *House Grain Co. v. Obst,* 659 S.W.2d 903, 906 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). A "gross mistake" is a mistake by the arbitrator which implies bad faith or failure to exercise honest judgment. *House Grain,* 659 S.W.2d at 906.

When a non-prevailing party seeks to modify or vacate an arbitrator's award, he bears the burden to bring forth a complete record that establishes his basis for relief. *Kline v. O'Quinn*, 874 S.W.2d 776, 790 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (op. on reh'g). In this case, there was no statement of facts available for us to review from either the arbitration or the trial court. The arbitration was not recorded. Similarly, the record indicates that the trial court heard oral argument on Anzilotti's motion to vacate the arbitration award, but does not indicate that any evidence or testimony was presented. *Cf. House Grain*, 659 S.W.2d at 905. Without a record, we are to presume that adequate evidence was presented to support the arbitrator's award. *Kline*, 874 S.W.2d at 783; *House Grain*, 659 S.W.2d at 906. We are also unable to review the evidence to determine whether the arbitrator made "a mistake which implies bad faith or failure to exercise honest judgment." *House Grain*, 659 S.W.2d at 907. The burden is on Anzilotti to demonstrate how the arbitrator made a "gross mistake." *Kline*, 874 S.W.2d at 790. *See also, Powell v. Gulf Coast Carriers, Inc.*, 872 S.W.2d 22 (Tex.App.—Houston [14th Dist.] 1994, no writ). He has not met this burden. The record before this court does not include any evidence of the arbitrator's "gross mistake." Accordingly, his second, third, and fourth points of error are overruled.

In his first and fifth points of error, Anzilotti argues that the arbitrator exceeded the scope of his authority. In his first point of error, he contends the arbitrator exceeded his authority by holding him personally liable for the funds awarded to Hubbard, the architect. Anzilotti contends that he could not be held personally liable because he "had no idea [Hubbard] would assert any claim against him personally" and his agreement with Hubbard was in his capacity as trustee.

Anzilotti entered a letter agreement with Hubbard as trustee for the subsequently formed Anzilotti Investments. The agreement did not call for arbitration of disputes. However, Hubbard, Liggin, Anzilotti, and Anzilotti Investments entered into an "Agreed Order" to arbitrate the case. This order did "not limit or prejudice any of the parties' rights to file any claim, counterclaim or response in the arbitration proceeding." Hubbard then filed a counterclaim with the arbitrator requesting payment for services provided.

Anzilotti claims that he "had no idea" that Hubbard would bring a counterclaim until after the matter was referred to arbitration. The scope of the arbitration between Hubbard and Anzilotti was established by the Agreed Order. Ordinary principals of contract law require us to determine the true intent of the parties as expressed in the contract. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983). The order indicates that the parties anticipated additional claims or counterclaims might be brought to the arbitrator.

In addition, the parties submitted the entire dispute to the arbitrator. There is no indication or allegation that Anzilotti objected to Hubbard's counterclaim being included in the arbitration. When a contract provision is ambiguous, the conduct of the parties may be considered in determining the parties true intent. *Consolidated Eng'g Co. v. Southern Steel Co.*, 699 S.W.2d 188, 192–93 (Tex.1985). In this case, both the Agreed Order and the conduct of the parties indicates that the entire dispute, including Hubbard's counterclaim, was to be arbitrated. Anzilotti's first contention is overruled.

Anzilotti also contends that he cannot be held personally liable to Hubbard because he signed the letter agreement as trustee for Anzilotti Investments. He argues he was not personally a party to the agreement and, therefore, the arbitrator exceeded his authority by holding him personally liable.

In support of his contention, Anzilotti cites Texas Trust Code § 114.084. A plaintiff may sue a "trustee individually if the trustee made the contract and the contract does not exclude the trustee's personal liability." Tex.Prop.Code Ann. § 114.084(a) (Vernon 1984). However, the addition of "as trustee" after the signature of a trustee is *prima facie* evidence that the trustee intended to avoid personal liability. *Id.* at § 114.084(b). The burden of proof is on the trustee when he seeks to escape personal

liability under a contract. *Nacol v. McNutt,* 797 S.W.2d 153, 155 (Tex.App.—Houston [14th Dist.] 1990, writ denied). The mere fact that a party is designated "as trustee" does not in itself create a trust. *Spiritas v. Robinowitz,* 544 S.W.2d 710, 715 (Tex.Civ. App.—Dallas 1976, writ ref'd n.r.e.). *See also, Nolana Dev. Ass'n v. Corsi,* 682 S.W.2d 246 (Tex.1984).

The record does not reflect whether he was in fact a trustee or whether he was simply trying to evade personal liability by signing "as trustee." As indicated above, the burden is on Anzilotti to prove that the arbitration award should be vacated because he was acting as a trustee. *See Kline v. O'Quinn,* 874 S.W.2d at 790; *Nacol,* 797 S.W.2d at 155. He has not carried this burden. Accordingly, Anzilotti's second contention and first point of error are overruled.

■ In his fifth point of error, Anzilotti contends that the arbitrator exceeded his authority by awarding Hubbard $35,700 in attorney fees. He argues that Hubbard's counterclaim requested only $6,800 and that awarding more than the requested amount was beyond the arbitrator's authority. The record does not support his argument. Hubbard's counterclaim requested *at least* $6,800. Based on the record before us, we cannot say that the arbitrator exceeded his authority. Anzilotti's fifth point of error is overruled.

Finally, at oral argument, Anzilotti argued the arbitrator was "grossly mistaken" in finding in favor of Liggin because Liggin failed to show that he had satisfied all of the contractual conditions precedent to bringing suit. He included this allegation in his original brief and Liggin did not directly respond.

Anzilotti argues that Appellate Procedure Rule 74(f) allows this court to accept as true any facts alleged in his brief that were not challenged by Liggin. See Tex.R.App.P. 74(f). Rule 74(f), in its entirely reads:

(f) **Argument.** A brief of the argument may present separately or grouped the points relied upon for reversal. The argument shall include: (1) a fair, condensed statement of the facts pertinent to such points, with reference to the pages in the record where the same may be found; and (2) such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. If complaint is made of any part of the charge given or refused, such part of the charge shall be set out in full. If complaint is made of the improper admission or rejection of evidence, the substance of such evidence so admitted or rejected shall be set out with references to the pages of the record where the same may be found. Repetition or prolixity of statement or argument must be avoided. *Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by the opposing party.*

Tex.R.App.P. 74(f) (emphasis added).

■ Several courts have interpreted either the relevant portion of Rule 74(f) or its predecessor, Rules of Civil Procedure 419,[1] to mean that the court of appeals *may* accept the appellant's statement of the evidence. In each of these cases, there was evidence from which the court was able to infer that the statement was true. *See Bachus v. State,* 803 S.W.2d 402 (Tex.App.—Dallas 1991, pet. ref'd) (both State and Appellant cited statement of facts from trial court; statement of facts was not before court of appeals; court accepted Appellant's statement of the evidence as correct); *Finnigan v. Blanco County,* 670 S.W.2d 313 (Tex.App.—Dallas 1984, no writ) (op. on reh'g) (unchallenged statement which was included in the court's opinion was also supported by the summary judgment proof); *Payne v. Snyder,* 661 S.W.2d 134 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.) (court accepted statement without further examination of the record, but, in general, the record supported the statement); *Oliver v. Oliver,* 567 S.W.2d 914 (Tex.Civ.App.— Houston [14th Dist.] 1978, no writ) (statement that no court reporter was present at original divorce proceeding was not sup-

---

1. *Repealed by* Order of April 10, 1986. Rule 419 stated "Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party." Tex.R.Civ.P. 419.

ported by the record, but was accepted as correct).

Generally, the argument portion of appellant's brief is intended to convince the appellate court to reverse the judgment of the trial court. The appellant is to argue facts and cite authority that support reversal. Rule 74 defines what is to be included in the brief and what is to be included in the argument. The brief must include page references to the record, citations to authorities, and a discussion of the facts to support the point of error. *Clone Component Distrib. of Am., Inc. v. State*, 819 S.W.2d 593, 597 (Tex. App.—Dallas 1991, no writ); *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 810 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988).

■ In *Whatley v. Whatley*, 493 S.W.2d 299 (Tex.Civ.App.—Dallas 1973, no writ), the court indicated that one purpose of Rule 419 was to avoid requiring the appellate court to perform the appellee's burden of searching the record to determine whether the statement of facts was correct. *Id.* at 301. We agree with the Dallas court's interpretation in *Whatley*. The rule is intended to allow this court to focus only on the matters argued by the parties in their briefs. The rule is not intended to force the appellee to either agree to or deny every factual allegation. Rather, the appellee should be allowed to focus on the facts that support its legal argument. Similarly, when pure legal questions are presented, we focus on the law and may accept the appellant's statements as correct.

Rule 74 indicates that we *may* accept any unchallenged statement. Consequently, we have some degree of discretion. *Id.* at 302. We choose not to exercise that discretion in this case. There is nothing in the record which would lend credibility to Anzilotti's statement. Liggin should not be penalized for focusing his argument on the legal questions presented rather than refuting a factual question presumably presented to the arbitrator. We overrule Anzilotti's request made at oral argument that we accept his statement as correct.

Liggin and Hubbard each bring a cross-point on appeal requesting sanctions under Appellate Procedure Rule 84, which states:

In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant.

TEX.R.APP.P. 84.

■ In the proper case, this court does not hesitate to award sanctions under Rule 84. *See, e.g., Eichelberger v. Balette*, 841 S.W.2d 508, 511 (Tex.App.—Houston [14th Dist.] 1992, writ denied), *cert. denied*, ── U.S. ──, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993); *Francis v. Marshall*, 841 S.W.2d 51, 54–55 (Tex.App.—Houston [14th Dist.] 1992, no writ). Whether to grant sanctions is a matter of discretion, *Maronge v. Cityfed Mortgage Co.*, 803 S.W.2d 393, 396 (Tex. App.—Houston [14th Dist.] 1991, no writ), which we will only apply with prudence, caution, and after careful deliberation. *Exxon Corp. v. Shuttlesworth*, 800 S.W.2d 902, 908 (Tex.App.—Houston [14th Dist.] 1990, no writ). We must look at the case from the point of view of an advocate, and determine whether the appellant had a reasonable expectation of reversal or if the appeal was brought in bad faith. *Id.; Francis*, 841 S.W.2d at 54–55. An appellant's failure to present a complete record or statement of facts on appeal can be evidence that the appeal was brought for delay and without sufficient cause. *Brooks v. Brooks*, 786 S.W.2d 499, 501 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (op. on reh'g). An incomplete record, however, only raises an inference and is not conclusive evidence that the appeal was taken for delay or without sufficient cause. *Hicks v. Western Funding Inc.*, 809 S.W.2d 787, 788 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

We have reviewed the record, read the briefs of the parties, and heard appellant's oral argument. We cannot say that the appeal was brought only for delay or in bad faith. *See Id.* Liggin and Hubbard's cross-

points are overruled. The judgment of the trial court is affirmed.