GESSESSE V. U.S. HOME CORP.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-405-CV

GETAHUN GESSESSE APPELLANT

V.

U.S. HOME CORPORATION APPELLEE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Getahun Gessesse bought a new home from Appellee U.S. Home Corporation that had many unknown construction defects.  Their dispute led to arbitration that resulted in Appellee being ordered to pay Appellant $50,710.80 in damages.  Appellant was displeased with the arbitration award and appealed to the district court, asking that the case be reviewed in its entirety.  After a hearing on November 21, 2002, the district court affirmed the arbitrator’s award of $50,710.80 in damages payable by Appellee to Appellant and denied Appellant’s request to compel Appellee to rescind the home sale.  Appellant appeals, pro se.  We must affirm.

Review of an arbitration award is extremely narrow.  
IPCO-G. & C. Joint Venture v. A.B. Chance Co.
, 65 S.W.3d 252, 256 (Tex. App.—Houston [1
st
 Dist] 2001, pet. denied).  The arbitration award is conclusive on the parties as to all matters of fact and law because the award has the effect of a judgment of a court of last resort.  
CVN Group, Inc. v. Delgado
, 95 S.W.3d 234, 238 (Tex. 2002).  We must indulge every reasonable presumption to uphold an arbitration award.  
See id.
  The law does not permit us to substitute our judgment for the arbitrator’s merely because we would have reached a different decision.  
See IPCO-G. & C. Joint Venture,
 65 S.W.3d at 256.

The only issues we may consider are whether the arbitrator’s award was obtained by corruption, fraud, or other undue means and whether Appellant’s rights were prejudiced by the arbitrator’s alleged partiality, corruption, or misconduct.  
See 
Tex Civ. Prac. & Rem. Code Ann. § 171.088(
a)(1), (2) (Vernon Supp. 2003).  When a party seeks to vacate an arbitrator’s award, he bears the burden to bring forth a complete record that establishes his basis for relief.  
Anzilotti v. Gene D. Liggin, Inc.
, 899 S.W.2d 264, 267 (Tex. App.—Houston [14
th
 Dist.] 1995, no writ).  Here, Appellant has not furnished a record of the arbitration hearing or the district court proceedings for us to review, and therefore we have no alternative other than to affirm the district court’s judgment, confirming the arbitrator’s award.

PER CURIAM

PANEL A: HOLMAN, J.; CAYCE, C.J.; and GARDNER, J. 

DELIVERED:  May 29, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.