COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-405-CV
 
GETAHUN GESSESSE                                                       
   APPELLANT
V.
U.S. HOME CORPORATION                                                      
APPELLEE
------------
FROM THE 158TH DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Getahun Gessesse bought a new
home from Appellee U.S. Home Corporation that had many unknown construction
defects. Their dispute led to arbitration that resulted in Appellee being
ordered to pay Appellant $50,710.80 in damages. Appellant was displeased with
the arbitration award and appealed to the district court, asking that the case
be reviewed in its entirety. After a hearing on November 21, 2002, the district
court affirmed the arbitrator's award of $50,710.80 in damages payable by
Appellee to Appellant and denied Appellant's request to compel Appellee to
rescind the home sale. Appellant appeals, pro se. We must affirm.
Review of an arbitration award is
extremely narrow. IPCO-G. & C. Joint Venture v. A.B. Chance Co., 65
S.W.3d 252, 256 (Tex. App.--Houston [1st Dist] 2001, pet. denied).
The arbitration award is conclusive on the parties as to all matters of fact and
law because the award has the effect of a judgment of a court of last resort. CVN
Group, Inc. v. Delgado, 95 S.W.3d 234, 238 (Tex. 2002). We must indulge
every reasonable presumption to uphold an arbitration award. See id.
The law does not permit us to substitute our judgment for the arbitrator's
merely because we would have reached a different decision. See IPCO-G. &
C. Joint Venture, 65 S.W.3d at 256.
The only issues we may consider are
whether the arbitrator's award was obtained by corruption, fraud, or other undue
means and whether Appellant's rights were prejudiced by the arbitrator's alleged
partiality, corruption, or misconduct. See Tex Civ. Prac. & Rem.
Code Ann. § 171.088(a)(1), (2) (Vernon Supp. 2003). When a party seeks to
vacate an arbitrator's award, he bears the burden to bring forth a complete
record that establishes his basis for relief. Anzilotti v. Gene D. Liggin,
Inc., 899 S.W.2d 264, 267 (Tex. App.--Houston [14th Dist.] 1995,
no writ). Here, Appellant has not furnished a record of the arbitration hearing
or the district court proceedings for us to review, and therefore we have no
alternative other than to affirm the district court's judgment, confirming the
arbitrator's award.
 
  
                                                                    
PER CURIAM
 
PANEL A: HOLMAN, J.; CAYCE, C.J.; and
GARDNER, J.
DELIVERED: May 29, 2003

1. See Tex. R. App. P. 47.4.