COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-358-CV
  
   
JAY 
K. GRAY AND                                                               
APPELLANTS
JAY 
K. GRAY, P.C.
  
V.
   
CHARLES 
M. NOTEBOOM AND                                                APPELLEES
CHARLES 
M. NOTEBOOM, P.C.
 
  
------------
 
FROM 
THE 48TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        After 
a partner withdrew from a two-member law firm, a dispute arose over distribution 
of the firm’s assets.  The dispute consisted primarily of fees earned and 
to be earned from personal injury cases taken by the withdrawing partner. In 
accordance with the partnership agreement, appellee filed suit for 
arbitration.  The court ordered the dispute to be submitted to an 
arbitration panel, which made a written award.  The withdrawing partner, 
appellant herein, dissatisfied with the award, requested the panel to submit 
findings of fact and conclusions of law; such request was denied.  
Appellant then filed a motion to compel such finding and conclusions; his motion 
was denied.  Judgment was rendered on the award, and this appeal followed.
        Judgment 
affirmed.
        Appellant 
presents four issues on appeal: 1) the trial court erred by adopting the 
arbitration award because the arbitrators exceeded their powers by awarding 
attorneys’ fees from clients’ cases that did not agree to arbitration and 
were not a part of the arbitration; 2) the trial court erred by enforcing an 
illegal provision of the partnership agreement; 3) the trial court erred by 
adopting the award because the arbitrators exceeded their authority by entering 
an award that affects the rights of third parties not subject to the 
arbitration; and 4) the trial court erred by enforcing the award because the 
arbitrators refused to submit findings of fact and conclusions of law.
        We 
address issues one and three jointly because we find that they essentially 
allege the same error.
        The 
award of the arbitration panel listed in detail the particular cases that were 
involved in the arbitration.  The award specified a percentage of the fees 
to be received and certain amounts that we perceive to be expenses advanced to 
appellee.  Nowhere in the award are any of the rights of the clients 
affected.  Whatever rights the clients have with the law firm remain intact 
and binding; the dispute between the two former partners is not involved in 
their representation by one of the former partners.  If a fee is received, 
it will be divided and expenses accounted for in accordance with the detailed 
arbitration award.
        Appellant 
has furnished no authority for the support of issues one and three, and we 
cannot find such support.  The arbitration award does not affect the 
clients’ rights. Issues one and three are overruled.
        Issue 
two contends the court erred by enforcing an illegal provision of the 
partnership agreement.
        Appellant 
cites Rules 5.06 and 1.04 of the Texas Disciplinary Rules of Professional 
Conduct in support of this contention.  Rule 5.06 provides that
  
[a] lawyer shall not participate in offering or making:
  
(a) 
a partnership or employment agreement that restricts the rights of a lawyer to 
practice after termination of the relationship.
 
Appellant 
also cites opinion 459 of the Texas Professional Ethics Committee, which states 
it is not proper for a law firm to have an employment agreement or partnership 
agreement which provides that upon leaving the firm, the associate or the 
partner would be required to pay to his former law firm a percentage of fees 
thereafter from clients brought from his former law firm.
        Appellant 
contends this rule and opinion were violated in the partnership agreement and 
their enforcement by the award of the arbitration panel. If the rule and opinion 
were breached, then does such breach make the provision illegal?  We quote 
from Polland & Cook v. Lehmann, 832 S.W.2d 729 (Tex. App.—Houston 
[1st Dist.] 1992, writ denied).
  
Section 15 of the preamble to the Tex. Disciplinary Rules of Prof. Conduct 
discourages the use of the Disciplinary Rules as procedural weapons in other 
proceedings.  It states: These rules do not undertake to define standards 
of civil liability of lawyers for professional conduct.  Violation of a 
rule does not give rise to a private cause of action nor does it create any 
presumption that a legal duty to a client has been breached.  Likewise, 
these rules are not designed to be standards for procedural decisions.  
Furthermore, the purpose of these rules can be abused when they are invoked by 
opposing parties as procedural weapons. . . . Accordingly, nothing in the rules 
should be deemed to augment any substantive legal duty of lawyers or the 
extra-disciplinary consequences of violating such a duty.
  
 
Id. 
at 736 n.3.  In the instant case, there appears to be no question about the 
fact that the partnership agreement is contrary to the Ethics Committee 
opinion.  We look to the award of the arbitration panel; there is no 
question that a portion of the fees to be received by appellant were to be paid 
to appellee, along with specific amounts which we presume were expenses of 
litigation paid by the partnership.  Certain other payments were ordered by 
the panel which we presume were portions from resolved cases handled by 
appellant after termination.
        There 
is no question about the fact that for both plaintiffs and defendants the cost 
of preparing litigation is not only the efforts by the lawyer handling the case 
but also the efforts of the firm’s legal staff or outside counsel, 
investigative staff, clerical staff, and the time and expense of expert 
witnesses in some cases.  The ethics opinion fails to take into account 
these items.  It appears the ethics opinion, in an effort to be fair to the 
withdrawing attorney, is not mindful of the rights of the firm or attorney 
remaining.
        We 
hold that a violation of opinion 459 of the Texas Professional Ethics Committee, 
under the circumstances of this case, is not contrary to public policy and 
should not be used as a procedural weapon.  Appellant’s third issue is 
overruled.
        In 
his fourth issue, appellant states that the court erred by enforcing the award 
because the arbitrators refused to submit findings of fact and conclusions of 
law.
        After 
the arbitrators made the award, appellant requested the panel to file findings 
of fact and conclusions of law.  This request was denied.  A motion 
was then filed in the trial court to compel findings and conclusions; the motion 
was denied.
        The 
Texas Legislature has undertaken to enact into statutory law the procedures 
relative to arbitration.  See Tex. 
Civ. Prac. & Rem. Code Ann. §§ 171.001—173.004 (Vernon Supp. 
2004-05).  Section 171.053 of such code provides that “the arbitration 
award must be in writing and signed by each arbitrator joining in the 
award.”  Id. § 171.053(a).
        There 
is no question that the requirements of the statute were satisfied in this 
case.  The legislature, had it desired, could have very easily added a 
provision that the award specify the grounds or reasons for its 
provisions.  Obviously, the legislature found it unnecessary to do 
so.  The question then is, does this court have the right to add to the 
arbitration procedures something the legislature failed to include?  This 
court has the duty to interpret and follow the statutory law; it does not have 
the power to legislate.  The statute is clear: the only requirement is that 
the award be in writing.  The requirement of the statute was complied with.
        To 
require the panel to submit findings of fact and conclusions of law is in direct 
opposition of the arbitration procedures.  Arbitration is the vehicle the 
parties have agreed upon to avoid the time and expense involved in a judicial 
determination of the dispute.  The parties have agreed upon an arbitrator 
or have agreed on a method for the selection of an arbitrator.  They have 
agreed to be bound by the award of the arbitrator.  Requiring the 
arbitrator to submit findings of fact and conclusions of law to placate the 
disappointed party has the effect of throwing the controversy back into the 
judicial system.  Upon receipt of the findings and conclusions, we could 
reasonably anticipate the filing of a suit by the disappointed party seeking the 
setting aside of the award due to no evidence or insufficient evidence and 
complaining the findings are contrary to the greater weight and degree of the 
credible evidence.  Again, requiring findings and conclusions adds another 
tier in the judicial determination of disputes and diminishes the benefits of 
nonjudicial determination.
        Appellee 
directs our attention to the fact that there was no record made of the 
arbitration procedures, and therefore it is impossible to evaluate findings and 
conclusions even if they were filed.  It is true there was no record made 
of the arbitration.  The arbitration award states that the making of a 
record was waived.  There has been no question raised about the waiver of a 
record.  Appellant has the duty to bring forth a complete record that 
establishes his basis for relief.  Anzilotti v. Gene D. Liggin, Inc., 
899 S.W.2d 264, 267 (Tex. App.—Houston [14th Dist.] 1995, no writ).
        We 
continue to examine appellant’s claim that findings of fact and conclusions of 
law were not submitted.  We examine the arbitration award consisting of six 
pages in which several cases were dealt with in detail, bank accounts were 
distributed, a judgment was rendered in favor of appellant, and appellee was 
ordered to pay the balance on a judgment rendered against appellant.  The 
arbitration panel carefully considered all items in controversy between the 
parties and in detail ruled on the same.  It appears that findings of fact 
and conclusions of law are implicit in the award even though they are not 
identified as such.
        Arbitrators 
are not required to state the reason for their award or to make any findings of 
fact.  Brown v. Lanier Worldwide, Inc., 124 S.W.3d 883, 901 n.32 
(Tex. App.—Houston [14th Dist.] 2004, no pet.).
        Appellant’s 
fourth issue is overruled.
        Judgment 
affirmed.
   
  
                                                                  CLYDE 
R. ASHWORTH
                                                                  JUSTICE
  
  
PANEL 
C:   WILLIAM J. CORNELIUS, JOHN T. BOYD, and CLYDE 
R. ASHWORTH, JJ. (All Retired, Sitting by Assignment).
 
DELIVERED: 
February 24, 2005