**Affirmed and Memorandum Opinion filed August 16, 2018.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-17-00373-CV

### LONG LAKE, LTD., Appellant

### V.

### BRIGETTE PILLITTERE, Appellee

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 15-DCV-227922**

## M E M O R A N D U M   O P I N I O N

In this case, a homebuilder appeals the trial court's judgment confirming an arbitration award after the homebuyer asserted claims relating to mold damage in her home. The homebuilder complained in the trial court that the arbitrator had exceeded his authority in violation of section 171.088(a)(3)(A) of the Texas Civil Practice & Remedies Code by disregarding a limitation in a contractual provision. But, the homebuilder failed to provide that court with a sufficient record of the arbitration proceedings to assess the asserted ground for vacating the award. We

affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In late 2014, appellant Long Lake, Ltd. sold a new home and a home warranty to appellee Brigette Pillittere. Roughly a year later, Pillittere sued Long Lake in the district court, alleging that mold and other fungi infested her home, and that Long Lake had refused to remediate the damage. Pillittere also alleged that the home warranty expressly stated it would not take effect until she received a warranty certificate and that she had not been provided with a warranty certificate. Pillittere asserted claims for construction defects, common-law fraud, and violations of the Texas Deceptive Trade Practices Act.

### Arbitration

Long Lake appeared in the district-court lawsuit and moved to compel arbitration under an arbitration provision in the parties' Purchase Agreement or, alternatively, under an arbitration provision in the StrucSure Express Limited Warranty Long Lake had provided to Pillittere ("Warranty"), or under both. Pillittere did not file a response to the motion, and the trial court signed an order compelling arbitration. The trial court later signed an agreed order requiring the parties to arbitrate all the claims raised in Pillettere's pleadings and staying the district-court suit pending completion of the arbitration.

### Arbitration Award

The arbitrator awarded Pillittere various amounts totaling $178,184.57 and provided reasons for his award (the "Award"). Our record contains scant details about the arbitration. No party submitted a reporter's record from any part of the proceedings before the arbitrator. The only items filed in the trial court below regarding the arbitration are (1) the Purchase Agreement, (2) the Award, (3) the

2

"Home Enrollment Application" for the Warranty, and (4) the "Express Limited Warranty Coverage Booklet" setting forth the terms of the Warranty.

*Trial Court's Confirmation of the Award*

After the arbitration, Pillittere asked the trial court to confirm the Award. Long Lake opposed confirmation of the Award and asked the trial court to vacate the Award under section 171.088(a) of the Texas Civil Practice and Remedies Code because the arbitrator allegedly exceeded his powers by "disregard[ing] contractual limitations of liability." Long Lake asserted that under a contractual provision the total amount that Pillittere may recover against Long Lake is $174,814 and that the arbitrator exceeded his powers by ignoring this limitation and awarding $178,184.57. This argument was the sole vacatur ground Long Lake asserted in the trial court. The trial court confirmed the Award. Long Lake now challenges that ruling in this appeal.

## II. ISSUE PRESENTED

In its sole issue on appeal, Long Lake complains that the trial court erred because it failed to hold, under section 171.088(a)(3)(A), that the arbitrator exceeded his powers when he awarded Pillittere an amount greater than $174,814, in contravention of the governing arbitration provisions and a contractual limitation-of-liability provision. In its application to vacate the Award, Long Lake did not expressly state that it had asserted this contractual provision in the arbitration proceedings or that Long Lake did not waive this provision during the arbitration. Nonetheless, we presume, without deciding, that Long Lake preserved error in the trial court and assigned error in this appeal on the vacatur ground that the arbitrator exceeded his powers by awarding Pillittere an amount that exceeded $174,814 in contravention of a limitation in a contractual provision.

## III. ANALYSIS

### A. Did Long Lake provide the trial court with a sufficient record of the arbitration to establish that the arbitrator exceeded his powers?

As a threshold matter, we consider whether Long Lake satisfied its burden to produce a complete record of the arbitration proceedings establishing its claimed basis for vacating the Award.

Texas courts give arbitration awards great deference and indulge every reasonable presumption to uphold arbitrators' decisions. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002); *Long Lake, Ltd. v. Heinsohn*, No. 14-09-00613-CV, 2010 WL 1379979, at *2 (Tex. App.—Houston [14th Dist.] Apr. 8, 2010, no pet.) (mem. op.). A non-prevailing party seeking to vacate an arbitrator's award bears the burden to produce a complete record of the arbitration proceedings establishing the claimed basis for relief. *See Long Lake, Ltd.*, 2010 WL 1379979, at *2–3; *Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 267 (Tex. App.—Houston [14th Dist.] 1995, no writ). Absent a complete transcription of the arbitration proceedings, we are to presume that adequate evidence supports the arbitrator's award. *See Long Lake, Ltd.*, 2010 WL 1379979, at *2.

In support of its application to vacate the Award, Long Lake attached only four documents: (1) a copy of the Purchase Agreement, (2) a copy of the Award, (3) a copy of the "Home Enrollment Application" for the Warranty, and (4) the "Express Limited Warranty Coverage Booklet" setting forth the terms of the Warranty. None of these documents were authenticated. Even though the Home Enrollment Application and the Warranty were essential to Long Lake's arguments for vacatur, Long Lake did not submit any evidence in the trial court showing that

4

either of these documents were submitted to the arbitrator. Neither party submitted any pleadings, motions, testimony, or other evidence as to the matters presented in the arbitration. No party submitted any transcription or reporter's record of any part of the arbitration proceedings.

In *Heinsohn,* an unrelated case in which Long Lake challenged the trial court's judgment confirming an arbitration award, this court affirmed on the basis that Long Lake had failed to provide a complete record of the arbitration proceedings establishing its claimed basis for relief. *Long Lake, Ltd.*, 2010 WL 1379979, at *2–4. In the *Heinsohn* case, Long Lake asserted that certain damage components of the arbitration award were in manifest disregard of Texas law. *Id.* at *1. Long Lake had submitted documents in the trial court in an attempt to show the pleadings that had been filed in the arbitration and the documentary evidence submitted by each side. *Id.* Long Lake also submitted an affidavit of one of its attorneys describing the testimony of Heinsohn's damage expert during the arbitration. In today's case, Long Lake offered even less than it did in *Heinsohn*.

Long Lake did not provide the trial court below with any pleadings from the arbitration or attempt to prove what evidence was submitted to the arbitrator. Though Long Lake submitted the Award, the Award does not address whether Long Lake argued in the arbitration that a contractual provision deprived the arbitrator of the power to award Pillittere more than $174,814. Long Lake had the burden to present the trial court with a complete record of the arbitration proceedings establishing its asserted vacatur ground. *See Long Lake, Ltd.*, 2010 WL 1379979, at *2–3. Long Lake did not satisfy this burden. *See id*.

Because Long did not provide a complete transcription of the arbitration proceedings, we presume that adequate evidence supports the Award, including that the evidence gave the arbitrator the power to award Pillittere more than

5

$174,814.  *See Long Lake, Ltd.*, 2010 WL 1379979, at *2–3 (stating that to review an arbitration award to determine whether an arbitrator failed to apply exclusive remedies, there must be a record of the arbitration proceedings).

Long Lake alleges for the first time on appeal that the Warranty was admitted into evidence during the arbitration hearing.  Even presuming that the Warranty was before the arbitrator, the absence of a complete transcription of the arbitration proceedings prevents this court from conducting a meaningful review.  *See id.*

In its reply brief, Long Lake suggests that Pillittere waived the right to assert the insufficiency of Long Lake's evidence in support of its vacatur request because Pillittere did not raise this issue in the trial court.  But, Long Lake bore the burden to present the trial court with a complete record of the arbitration proceedings establishing its asserted vacatur ground. *See Long Lake, Ltd.*, 2010 WL 1379979, at *2–4; *Anzilotti*, 899 S.W.2d at 267.  Pillittere did not need to do anything in the trial court to impose this burden on Long Lake or to trigger Long Lake's obligation to present a complete record of the arbitration, nor did any silence by Pillittere relieve Long Lake of its burden.  *See id.*  Because Long Lake failed to carry this burden, the trial court did not err in impliedly denying Long Lake's request to vacate the Award.  *See id.*

**B.**     **Did Long Lake preserve error on its argument (based on section 17(3) of the Warranty) that it never agreed to allow the arbitrator to enter a monetary award in excess of $174,814?**

Long Lake  points to section 17(3) of the Warranty, and claims the provision strips the arbitrator of authority to "create, establish, or fix a monetary sum as an award to any arbitrating party unless this is expressly agreed to" by the arbitrating parties.  Long Lake then asserts that it never agreed to allow the arbitrator to make

an award in excess of $174,814. Long Lake did not make this argument in the trial court.

To the extent the argument is part of the vacatur ground addressed above, then the trial court did not err in rejecting it for the same reasons outlined above. To the extent Long Lake asserts this argument as an independent vacatur ground, Long Lake waived this ground by failing to raise it in the trial court. *See Ewing v. Act Catastrophe-Texas L.C.*, 375 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). In any event, even if Long Lake had raised this argument as an independent vacatur ground in the trial court, Long Lake failed to satisfy its burden to present the trial court with a full record of the arbitration proceedings showing the asserted vacatur ground, and therefore we presume that adequate evidence supports the Award. For instance, we presume that sufficient evidence showed that Long Lake agreed to allow the arbitrator to make an award in excess of $174,814. *See Long Lake, Ltd.*, 2010 WL 1379979, at *2–3.

## IV. CONCLUSION

Long Lake failed to carry its burden to present the trial court with a complete record of the arbitration proceedings establishing its asserted vacatur ground. Therefore, we presume that adequate evidence supports the arbitrator's award and we do not analyze the merits of Long Lake's vacatur argument. Having concluded that the trial court did not err in impliedly denying Long Lake's request to vacate the Award, we overrule Long Lake's sole appellate issue, and we affirm the trial court's final judgment.

/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Jamison.