**ASHCREEK HOMEOWNER'S ASSOCIATION, INC.,**
Appellant,

v.

**Michael Wayne SMITH and Tzena Lynn Smith, Appellees.**

No. 01–94–00493–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 13, 1995.

Margaret S. Ingle, Houston, for appellant.

Stephen L. Moll, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and HEDGES and ANDELL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a take-nothing judgment in a homeowner association's suit to enforce certain deed restrictions. We affirm.

### Background

The appellant, Ashcreek Homeowner's Association, Inc. ("Ashcreek") filed suit against the appellees, Michael Wayne Smith and Tzena Lynn Smith (collectively, "the Smiths") in 1991, seeking damages and attorneys' fees for violations of Ashcreek's deed restrictions. Specifically, Ashcreek alleged two violations: the absence of a backboard on the Smith's basketball goal, and a broken fence slat.

The suit was tried to the bench. After Ashcreek presented its case-in-chief, the Smiths presented one witness before making a motion for judgment, which the trial court granted.[1] Ashcreek appeals, bringing four points of error. By cross-point, the Smiths seek damages against Ashcreek for bringing a frivolous appeal.

### Standard of Review

At the outset we must resolve a procedural difficulty relating to the proper standard of review in this case. Historically, the courts of Texas treated a motion for judgment in a nonjury trial identically to a motion for directed verdict in a jury trial. *See, e.g., Meyers v. Ford,* 619 S.W.2d 572, 573 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). In other words, in a nonjury trial, the defendant's motion for judgment could only

be based on "no evidence." *See, e.g., Allen v. Nesmith,* 525 S.W.2d 943, 945 (Tex.Civ. App.—Houston [1st Dist.] 1975), *writ ref'd n.r.e. per curiam,* 531 S.W.2d 330 (Tex.1975). The practical effect of this view was that the trial judge who was unpersuaded by the plaintiff's evidence, but nevertheless found that there was "some evidence" to support the plaintiff's claim, was required to listen to the defendant's case before ruling on the factual sufficiency of the plaintiff's case. In short, on a motion for judgment, the trial judge in a nonjury trial could rule only on the legal sufficiency of the evidence.

However, in *Qantel Business Sys., Inc. v. Custom Controls Co.,* 761 S.W.2d 302 (Tex. 1988), the Texas Supreme Court discarded "this illogical rule." *Id.* at 306 (Gonzalez, J., concurring). Lamenting the inefficiency of "having the court hear the defendant's evidence when the judge, as trier of fact, is unpersuaded by the plaintiff's case," the court held that as the fact finder, the judge in a nonjury trial has the authority to rule on both the legal *and factual* sufficiency of the plaintiff's evidence on the defendant's motion for judgment after hearing only the plaintiff's evidence. *Id.* at 303. On appeal, the legal and factual sufficiency of the evidence to support the judgment can be challenged as in any other nonjury case.

Here, however, the trial court apparently believed that he was restricted to ruling on the legal sufficiency of the evidence. In granting the motion for judgment, the trial court stated, "[I]n order to sustain the motion without hearing defensive evidence, the decision must be based on law rules and not on any sort of fact findings." The trial court proceeded to make several conclusions of law, but declined to make any findings of fact. Because the trial judge obviously believed that his decision could not be based on factual insufficiency, he must have believed that his ruling was based solely on the legal sufficiency of the evidence. The issue we must resolve, therefore, is whether we should review the judgment as a ruling on the legal sufficiency of the evidence only, as the trial

---

1. The Smiths' attorney made a "motion for directed verdict." In a nonjury trial, because there is no jury to "direct," the proper name for such a motion is a "motion for judgment."

court intended, or whether we should review the judgment as if the trial judge had ruled on the factual sufficiency of the evidence as well, as he was authorized to do.

We believe that judicial economy and fairness would best be served by treating the motion as a ruling on both the legal and factual sufficiency of the evidence. As we have already noted, the trial court had the authority to rule on the factual sufficiency of the evidence. *Qantel Business Sys.,* 761 S.W.2d at 303. Although he purported to refrain from exercising that authority, he did in fact enter judgment on the motion. If this had been a motion for a directed verdict in a jury trial, we would be authorized to uphold the directed verdict even if the trial court's rationale was erroneous, provided it could be supported on another basis. *Kelly v. Diocese of Corpus Christi,* 832 S.W.2d 88, 90 (Tex. App.—Corpus Christi 1992, writ dism'd w.o.j.). Given the peculiar procedural posture of this case, the factual sufficiency of the evidence is such a basis.

This decision is particularly appropriate in this case, because several of the court's "conclusions of law" are also factual determinations. The trial court's designation of a finding of fact as a conclusion of law is not binding on this Court, and we treat it according to its true nature. *See Ray v. Farmers State Bank,* 576 S.W.2d 607, 608 n. 1 (Tex. 1979). Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict. *Simmons v. Compania Financiera Libano, S.A.,* 830 S.W.2d 789, 791 (Tex.App.—Houston [1st Dist.] 1992, writ denied). In other words, the trial court's findings of fact may be challenged for legal and factual sufficiency of the evidence to support them. *Id.* at 792.

In its points of error, Ashcreek argues that (1) the trial court erred in granting the Smiths' motion for judgment because there were issues of material fact concerning the Smiths' breach of the deed restrictions; (2) the trial court abused its discretion by refusing to give effect to Tex.Prop.Code Ann. § 202.003(a) (Vernon Supp.1995); (3) the court erred in holding that the Smiths' unrepaired fence and basketball goal were not nuisances; and (4) the trial court erred in

finding that Ashcreek's suit was "not warranted by a good faith argument for the extension, modification, or reversal of existing law."

The Smiths respond that we should affirm the judgment based on Ashcreek's failure to assign as error each of the independent grounds that support the judgment. While it is true that Ashcreek did not assign a point of error to each independent ground supporting the judgment, we find that the argument supporting Ashcreek's points of error sufficiently address the pertinent issues. Moreover, Ashcreek has filed a reply brief which specifically addresses the issues we find dispositive.

**Proper construction of the Property Code**

■ In its second point of error, Ashcreek contends that the trial court abused its discretion by "judicially scorning" Tex.Prop. Code Ann. § 202.003(a), which requires that restrictive covenants be liberally construed to give effect to their purposes and intent. The relevant conclusions of law are as follows:

1. The word "liberally" in the provisions in Tex.Prop.Code Ann. § 202.003 and in plaintiff's Declaration paragraph 10.08 that a restrictive covenant shall be liberally construed is not useful in construing those provisions, because the meaning and significance of that word are subjective.

2. The Property Code Section 202.003 provision that a restrictive covenant shall be construed to give effect to its purposes and intent, and the Section 10.08 provision in plaintiff's restrictions Declaration that its provisions should be construed to effectuate the purpose of the Declaration, compel a conclusion of law that the Declaration's provisions should be construed to place specific restrictions on the property to ensure the preservation of a uniform plan, which was the Declaration's stated purpose.

Ashcreek argues that Tex.Prop.Code Ann. § 202.003(a) reversed the rule that covenants restricting the free use of property are to be strictly construed. *See Wilmoth v. Wilcox,* 734 S.W.2d 656, 657 (Tex.1987) ("All doubts

must be resolved in favor of the free and unrestricted use of the premises, and the restrictive clause must be construed strictly against the party seeking to enforce it."); *Davis v. Huey*, 620 S.W.2d 561, 565 (Tex. 1981).

We are unable to agree. This Court recently addressed this issue in *Crispin v. Paragon Homes, Inc.*, 888 S.W.2d 78 (Tex. App.—Houston [1st Dist.] 1994, writ denied). There, we concluded that:

> We are unable to discern a conflict between liberally construing a restrictive covenant to give effect to its purpose, and construing a restrictive covenant either to favor the free and unrestricted use of land or to strictly construe it against the party seeking to enforce it. Furthermore, section 202.003(a) was effective on June 18, 1987. Act of June 18, 1987, 70th Leg., R.S., ch. 712, Sec. 6, 1987 Tex.Gen.Laws 2585, 2588.... The supreme court decided *Wilmoth* on July 1, 1987, and denied a motion for rehearing on September 16, 1987. In its decision, the supreme court also failed to recognize that the property code had overruled the principles upon which it relied.

*Id.* at 81, n. 1. We are still unable to discern any meaningful distinction. We overrule appellant's second point of error.

### Notice and Hearing Requirements

■ In their reply points, the Smiths contend that Ashcreek did not comply with the notice and hearing provisions of the deed restrictions. Although Ashcreek does not attack the relevant findings by points of error, the argument supporting Ashcreek's first point of error and Ashcreek's reply brief address this issue. The deed restrictions require that Ashcreek give "registered notice" to its homeowners concerning alleged violations. Ashcreek also must "afford the owner a hearing" in order to respond to the alleged violation. Ashcreek's notice requirements are outlined in section 10.04 of the deed restrictions:

> Before the Board may invoke the remedies provided above, it shall give registered notice of such alleged violation to the Owner, and shall afford the Owner a hearing. If,

after the hearing, a violation is found to exist, the Board's right to proceed with the listed remedies above shall become absolute.

The trial court made the following relevant conclusions:

> 9. Plaintiff's Declaration Section 10.04 concerning notice and hearing should be construed to require that plaintiff give defendants notice that included a reasonably understandable description of the condition complained of and a specification of the particular provision of the Declaration alleged to have been violated, and to require that plaintiff provide defendants a fair opportunity to present evidence.

> 10. Plaintiff's evidence established the fact that plaintiff did not give notice or provide a hearing as required by the rules of law stated by Conclusions 8 and 9.

In the argument under Ashcreek's first point of error, Ashcreek contends that these conclusions are erroneous. We construe Ashcreek's argument as a challenge to the legal correctness of the trial court's conclusion number nine (subject to de novo review), and as a challenge to the sufficiency of the evidence supporting conclusion number 10 (reviewable for factual and legal sufficiency of the evidence).

The trial court correctly interpreted the deed restrictions' notice provision. The purpose of giving notice is to allow the Smiths an opportunity to prepare and defend against the allegations, if they so choose. In order to properly prepare and defend themselves, the Smiths should have been apprised of the specific provision which they had allegedly violated. The purpose of affording a hearing is simply to give a homeowner a forum in which to defend against the association's allegations. We agree with the trial court's conclusion number nine, and hold that on the facts of this case, "notice" includes "a specification of the particular provision" alleged to have been violated, and that "afford a hearing" includes a fair opportunity to present evidence. We do not, as Ashcreek contends, require a full adversary hearing with findings of fact and conclusions of law. We merely require that the homeowner be informed in

writing of the provision allegedly violated and given a fair opportunity to present evidence.

We now turn to the question of whether Ashcreek complied with the notice requirements as we have interpreted them. We hold that it did not.

### The basketball goal

■ Ashcreek introduced evidence that on December 21, 1990, it sent a letter to the Smiths notifying them that they were in violation of deed restriction section 3.13.[2] The parties agree that this section relates to lot maintenance and the removal of trash from an owner's lot. However, at trial Ashcreek alleged that the Smiths had violated section 3.06, the nuisance provision. We hold that the Smiths were never given proper notice that their basketball goal violated section 3.06.

Ashcreek also argues that the Smiths were afforded a hearing. This contention is based on the fact that Michael Smith attended a regularly scheduled board meeting in June 1991. The minutes of this meeting are a part of the record, and they indicate:

> Mr. Smith questioned the Board's authority to enforce a basketball pole without a backboard and hoop. Mr. Smith stated that the deed restrictions do not specify what is considered trash and in his opinion a single upright pole is not trash or in need of repair. The Board did not agree with his assessment and indicated the project needed to be completed or removed.

Because we have already determined that the Smiths were never given "registered notice," we need not and do not address the question of whether the Smiths were "afforded a hearing." Nevertheless, we note that the minutes of the Board meeting show that the Smiths attended the meeting to contest what they thought was the Board's determination that the basketball goal was a violation of section 3.13, the section relating to grass, weeds, and trash on the lot. At trial, Ashcreek took the position that as long as it stated the subject of the violation (for example, the basketball goal or fence slat) it had

no obligation to inform the Smiths of the particular provision of the deed restrictions being violated. This episode illustrates the unreasonableness of Ashcreek's position. Such a construction unfairly penalizes homeowners attempting to verify their compliance with the deed restrictions.

Because the Smiths were never given registered notice of the alleged violation which they were expected to defend against, we hold that the trial court correctly rendered judgment for the Smiths as to the basketball goal.

### The fence slat

■ Ashcreek introduced evidence that it sent the Smiths registered notice regarding the broken fence slat on November 20, 1991. However, this suit was initiated August 27, 1991. In addition, the letter cited a provision of the deed restrictions that Ashcreek later admitted was inapplicable. Finally, Ashcreek's property manager admitted on cross-examination that the Smiths were never given a hearing on the fence slat, and that homeowners are not ever told of their right to a hearing. We hold that as to the fence slat, there was ample evidence for the judge to conclude that Ashcreek did not comply with section 10.04 of its deed restrictions, because it did not give the Smiths registered notice or a hearing prior to initiating this suit. Because of our resolution of the notice issue, we do not reach the remaining points of error.

### Sanctions

The Smiths have filed a cross-point urging this Court to sanction Ashcreek for pursuing a frivolous appeal under TEX.R.APP.P. 84. The Smiths argue that they are entitled to ten times the total taxable costs of this appeal, or $6750.

■ Rule 84 permits an award of damages for a frivolous appeal where the appeal is taken (1) without sufficient cause, and (2) for delay. *McGuire v. Post Oak Lane Townhome Owners Ass'n*, 794 S.W.2d 66, 68 (Tex. App.—Houston [1st Dist.] 1990, writ denied).

---

2. The letter states in part:
   Deed Restrictions Article III, Section 3.13

B.B. GOAL IS IN NEED OF REPAIRS—PLEASE REPAIR OR REMOVE

Before we will assess a penalty for a frivolous appeal, "the record must clearly show that the appellant had no reasonable expectation we would reverse the judgment, and appellant did not pursue the appeal in good faith." *Id.*

Relying on *General Electric Credit Corp. v. Midland Central Appraisal District*, 826 S.W.2d 124, 125 (Tex.1991), the Smiths argue that we should consider the quality of the research and arguments presented by Ashcreek. They further argue that the trial court's conclusion that Ashcreek's cause of action was groundless and "resulted from a lack of diligence in preparing the law issues," establishes lack of sufficient cause to bring this appeal.

■ We disagree. Ashcreek filed a statement of facts, and its brief appears to be adequately researched. *Cf. Radio Station WQCK v. T.M. Communications, Inc.*, 744 S.W.2d 676 (Tex.App.—Dallas 1988, no writ) (appellant did not file a statement of facts and appellant's counsel did not appear for oral argument); *Brooks v. Brooks*, 786 S.W.2d 499 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (failure to present statement of facts); *Holberg & Co. v. Citizens Nat'l Assurance Co.*, 856 S.W.2d 515 (Tex. App.—Houston [1st Dist.] 1993, no writ) (appellant's brief was three pages in length, cited one authority and failed to provide any law supporting its position). While Ashcreek's arguments are ultimately unconvincing, they have an arguable basis in law, and they constitute a good faith challenge to the trial court's judgment.

We overrule the Smith's cross-point.

We affirm the judgment of the trial court.