Opinion issued July 3, 2003
   









In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00684-CV




HARDAM AZAD AND TRADING FAIR HOUSTON, INC., Appellants

V.

HARRIS COUNTY APPRAISAL DISTRICT AND HARRIS COUNTY
APPRAISAL REVIEW BOARD, Appellees




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2001-29844




MEMORANDUM OPINION
          This is an appeal of a take-nothing judgment rendered in favor of appellees,
Harris County Appraisal District and Harris County Appraisal Review Board
(collectively, HCAD). Appellants, Hardam Azad and Trading Fair Houston, Inc.
(collectively, Azad), complain in two issues that (1) the evidence presented was
legally and factually sufficient to support a prima facie case, precluding the trial court
from granting HCAD’s motion for judgment, and (2) the trial court erred in refusing
to allow Azad to testify regarding the fair market value of the property. We affirm.
Background
          In October 2000, Azad purchased Trading Fair Houston, Inc., which consists
of a large flea market and the land on which it is built. Before Azad bought it, the
property had been on the market with a commercial real estate broker for most of the
year 2000. The property is composed of three adjacent tracts of land: an unimproved
tract (Tract 1) that HCAD lists in one account, and the two tracts on which the flea
market stands (Tracts 2 and 3E) that HCAD lists in a second, separate account. The
contract price that Azad paid for the property as a whole was $2,200,000; the contract
did not differentiate one tract from another or allocate separate prices for each tract. 
          For tax year 2000, HCAD appraised Tract 1 at $540,470 and Tracts 2 and 3E
at $1,930,100, resulting in a total appraised value of $2,470,570 for the property as
a whole. For tax year 2001, HCAD appraised Tracts 2 and 3E at $1,824,300.


 Azad
did not challenge the appraised value of Tract 1 for either of these tax years, but
protested the appraisal of Tracts 2 and 3E for tax year 2001 under the usual
administrative proceedings governing taxpayers protests, achieving a reduction in the
appraised value of Tracts 2 and 3E from $1,824,300 to $1,329,530. For tax year
2000, however, it was too late for Azad to protest in the usual manner because he
bought the property after the time to protest had expired. Instead, therefore, Azad
challenged the appraisal by filing a Real Property Correct Request/Motion to correct
the over-appraisal under section 25.25(d) of the Tax Code, which provides:
At any time prior to the date the taxes become delinquent, a property
owner or the chief appraiser may file a motion with the appraisal review
board to change the appraisal roll to correct an error that resulted in an
incorrect appraised value for the owner’s property. However, the error
may not be corrected unless it resulted in an appraised value that
exceeds by more than one-third the correct appraised value.

Tex. Tax Code Ann. § 25.25(d) (Vernon 2002).
          HCAD’s review board denied Azad’s request for correction and Azad sought
review of that decision in the district court. At the close of Azad’s case-in-chief,
HCAD moved for judgment as a matter of law. The trial court granted the motion and
entered a take nothing judgment in favor of HCAD.
Sufficiency of the Evidence
          In his first issue, Azad argues that he presented legally and factually sufficient
evidence to support a prima facie case; thus, he contends that the trial court was
precluded from granting HCAD’s motion for judgment. 
          Standard of Review
          As the fact-finder in a bench trial, the judge has the authority to rule on both
the legal and factual sufficiency of the plaintiff’s evidence on the defendant’s motion
for judgment, after hearing only the plaintiff’s evidence. Ashcreek Homeowner’s
Ass’n, Inc. v. Smith, 902 S.W.2d 586, 587 (Tex. App.—Houston [1st Dist.] 1995, no
writ). On appeal, the legal and factual sufficiency of the evidence to support the
judgment may be challenged as in any other nonjury case. Id.
          When we review legal sufficiency, we review the evidence in a light that tends
to support the finding of the disputed facts and disregard all evidence and inferences
to the contrary. Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001). 
When we review factual sufficiency, we conduct a neutral review of all the evidence. 
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). We will reverse for factual
insufficiency only if the ruling is so against the great weight and preponderance of
the evidence as to be manifestly erroneous or unjust. Minucci v. Sogevalor, S.A., 14
S.W.3d 790, 794 (Tex. App.—Houston [1st Dist.] 2000, no pet.).
          Fair Market Value of the Property
          Taxes for each year are based on the market value of the taxable property as
appraised on January 1 of that year. Tex. Tax Code Ann. §23.01 (Vernon 2002). 
HCAD contends that there was no evidence of the appraised value of the property as
of January 1, 2000; thus, Azad cannot prevail. Azad contends that the value of the
property when he bought it in October 2000 should be deemed the value as of January
1, 2000, because the property was listed for sale for most of the year 2000, the use of
the property had not changed, and the income flow for the property had not changed.
          The Texas Constitution provides that 
[n]o property of any kind in this State shall ever be assessed for ad
valorem taxes at a greater value than its fair market value nor shall any
Board of equalization of any governmental or political subdivision or
taxing district within the State fix the value of any property for tax
purposes at more than its fair market value . . .

Tex. Const. art. VIII, §20. Market value is defined as 
the price at which a property would transfer for cash . . . under
prevailing market conditions if (A) exposed for sale in the open market
with a reasonable time for the seller to find a purchaser; (B) both the
seller and the purchaser know of all the uses and purposes to which the
property is adapted and for which it is capable of being used and of the
enforceable restrictions on its use; and (C) both the seller and purchaser
seek to maximize their gains and neither is in a position to take
advantage of the exigencies of the other. 

Tex. Tax Code Ann. §1.04(7); see also Bailey County Appraisal Dist. v. Smallwood,
848 S.W.2d 822, 824-25 (Tex. App.—Amarillo 1993, no writ) (noting fair market
value results from willing purchaser, willing seller, and no pressure to buy or sell
property). 
          Because the transaction in which Azad acquired the property (1) involved a
willing buyer and seller with no pressure to buy or sell, and (2) because there were
apparently no events that significantly altered the property’s value between January
and October of 2000, we will assume, without deciding, that the value of the property
in January was the same as its value in October.
          Azad testified that, although the contract price for the property as a whole was
$2,200,000, the actual price, after subtracting the real estate commission of $132,000
and a cash distribution from the seller of $175,000 to be used as a tenant retention
releasing inducement, was $1,893,000. Although we are not entirely satisfied that it
is appropriate to use what Azad terms the “net price,” as opposed to using the contract
price to determine the fair market value, HCAD has indicated that it is willing to
accept $1,893,000 as the fair market value of the property as a whole for purposes of
this appeal. Accordingly, we will also accept this amount as representing the value
of the property.
          Appraised Value
          HCAD contends that the appraisal amount of $2,470,570 for tax year
2000—which is the total of the appraised value of Tracts 1, 2, and 3E—did not
exceed the market value of all three tracts of land, $1,893,000, by more than one
third, as required by statute for the taxpayer to obtain a correction. Thus, it argues
that Azad is not entitled to a correction. See Tex. Tax Code Ann. § 25.25(d)
(specifying no correction required unless original appraised value is at least one-third
higher than corrected appraised value). 
          As noted, HCAD separated the three tracts of land into two accounts, and Azad
did not contest the appraised value of Tract 1. He contested only the appraised value
of $1,930,100 for Tracts 2 and 3E. HCAD argues that Azad should not be able to
accept the appraised value of Tract I but contest the appraised value of Tracts 2 and
3E because (1) he bought an undivided piece of property and, (2) the total appraised
value of $2,470,000 does not exceed the total fair market value of $1,893,000 by
more than one third. We agree. Moreover, even if we broke down the market value
and the appraised value by tracts, as Azad requests, we would not change our opinion
that Azad is not entitled to a correction. 
          By subtracting the uncontested appraised value of Tract I, $540,000, from the
fair market value of the entire property, $1,893,000, Azad contends that the fair
market value of Tracts 2 and 3E is $1,353,000. Because the appraised value of Tracts
2 and 3E ($1,930,000) is more than one-third greater than the fair market value he has
calculated for those tracts ($1,352,530), Azad contends that he is entitled to a
correction.
          The problem with Azad’s argument is that he mixes inconsistent figures in his
calculation to reach the desired result, thus leading to the perplexing and paradoxical
result of the appraised amount of the whole property not exceeding one-third of the
market value while a portion of the property does appear to exceed it. Specifically,
Azad’s calculation depends upon his subtracting the appraised value of Tract I from
the market value of Tracts 2 and 3E. It is not the Tract I appraised value of $540,000
that should be subtracted from the total market value, but the market value of Tract
I that should be subtracted.
 

          The correct calculation should be based on the proportion of value that HCAD
has assigned to Tract I, which Azad has not contested. By appraising Tract I at
$540,000, Tracts 2 and 3E at $1,930,000, and the total property value at $2,470,000,
HCAD has determined that Tract I is worth approximately 21% of the total value of
the property while Tracts 2 and 3E are worth approximately 79% of the total value.
When we apply these percentages, the result is that Tract I has a market value of
$397,530 and Tracts 2 and 3E have a market value of $1,542,470. Thus, when we
subtract the market value of Tract I from the market value of Tracts 2 and 3E, the
remainder is $1,495,470, not $1,352,530.
          We then apply Azad’s method of calculation to determine whether the
appraised value exceeds the market value by more than one third.


 When we use the
correct figures, the appraised value of Tracts 2 and 3E ($1,930,000) is not more than
one-third greater than the total market value we have calculated ($1,495,470);
therefore, Azad does not satisfy the statutory requirement, his challenge fails and the
trial court did not err in granting HCAD’s motion for judgment. We overrule the first
issue.
                                              Exclusion of Testimony
          In his second issue, Azad argues that the trial court erred in refusing to allow
him to testify about the fair market value of the property. He contends that the Tax
Code does not require that testimony about the fair market value has to be given by 
a certified real estate appraiser. HCAD contends that the trial court properly
sustained its objection to the testimony.
          We consider this issue moot. It is evident from the record that the trial court,
while appearing to sustain HCAD’s objection, actually accepted Azad’s claim that the
fair market value of the property was $1,893,000. We, too, have accepted it for
purposes of this appeal. Thus, error, if any, is moot.
          We overrule Azad’s second issue.
          We affirm the trial court’s judgment.
 
 
                                                                        Evelyn V. Keyes
                                                                        Justice
 
Panel consists of Justices Hedges, Nuchia, and Keyes.