Opinion Issued March 10, 2005






















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01003-CV




JULIO MORA, Appellant

V.

HEMCO INDUSTRIES, INC., Appellee




On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 1999-32567




MEMORANDUM OPINIONThis is an appeal from a motion for directed verdict rendered in favor of
appellee, Hemco Industries, Inc. (“Hemco”) during a bench trial. Appellant, Julio
Mora, filed a negligence action for the injuries he sustained during his employment
as a welder with Hemco. On appeal, the issues are (1) whether appellant presented
fact issues on medical causation sufficient to overturn the trial court’s judgment; (2)
whether Hemco judicially admitted that appellant’s herniated disc was caused by
lifting a piece of heavy equipment while at work; and (3) whether the trial court erred
in denying appellant’s motion to re-open for additional evidence. We affirm.
BACKGROUND
          Hemco, a Texas corporation that manufactures access platforms (gangways)
that transport people who are loading and unloading materials to the top of tank and
hopper railroad cars and tank trucks, hired Julio Mora in December 1980. On June
30, 1997, Mora was injured while manually lifting the “jig” to place it on a hydraulic
press machine at the Hemco facility. As he lifted the jig, Mora heard his spinal
column make a noise. Mora reported the injury to his supervisor, but, believing that
the injury was not serious, he continued working that day. That evening Mora’s pain
became severe. Mora saw a doctor, Dr. Sadeghpour, for the first time nine days after
lifting the jig at Hemco. Hemco’s owner referred Mora to Dr. Sadeghpour. Mora had
suffered a lower back injury and was later diagnosed with a herniated disc at L5-S1. 
Hemco, pursuant to its company policy, paid for most of Mora’s medical expenses. 
Mora testified that he never injured his back prior to June 30, 1997. After his
treatment and back surgery, Mora sued Hemco for negligence. Hemco is a non-subscriber of Texas workers’ compensation insurance. 
          A bench trial began on March 31, 2003. After Mora rested, Hemco orally
moved for a “directed verdict” contending that Mora failed to prove medical
causation with regard to his lumbar disc herniation. We construe this as a motion for
judgment rather than a directed verdict because this is a bench trial. See Qantel Bus.
Sys., Inc. v. Custom Controls Co., 761 S.W.2d 302, 303 (Tex. 1988); Ashcreek
Homeowner’s Ass’n, Inc. v. Smith, 902 S.W.2d 586, 587 (Tex. App.—Houston [1st
Dist.] 1995, no writ). Directed by the trial judge to provide evidence of medical
causation, Mora responded by providing references in the record to Hemco’s alleged
judicial admissions on the issue of medical causation. The trial court granted
Hemco’s motion for judgment. The court stated
What I’m saying is there’s no medical testimony to link up
the act of lifting to the herniation and the only testimony I
heard about his back injury wasn’t he had a strain or sprain,
he had a herniation. And if the factual medical theory is
herniation you have to medically connect the act you’re
complaining of which is the lifting and the herniation, and
there was nothing to connect the two.
 
On April 10, 2003, before entry of judgment, Mora filed a motion to re-open for
additional evidence. The trial court denied Mora’s motion and granted judgment for
Hemco on June 11, 2003. Mora filed a motion for new trial, but the motion was
overruled by operation of law. This appeal followed. 
          Mora appeals from the grant of a motion for judgment in favor of Hemco on
three grounds. First, appellant contends that he presented medical causation evidence
sufficient to overturn the trial court’s judgment. Second, appellant contends that
Hemco judicially admitted that appellant suffered a herniated disc while lifting the
jig, thus relieving appellant of the burden of proving the admitted fact and barring
Hemco from disputing it. Finally, appellant contends that the trial court erred in
denying his motion to re-open to present additional evidence.
DISCUSSIONMotion for Judgment
          In his first issue, appellant argues the court erred in granting Hemco’s motion
for judgment because appellant presented sufficient medical testimony to prove that
he suffered a herniated disc as a result of the injury he sustained while working at
Hemco. In response, Hemco argues that the trial court properly granted the motion
because appellant failed to present any evidence of medical causation between the
alleged negligence of Hemco and appellant’s herniated disc. Specifically, Hemco
contends that (1) none of the admitted medical records or testimony of appellant’s
two doctors contained any evidence of medical causation; (2) neither appellant’s
testimony nor that of his coworkers was competent evidence of medical causation;
and (3) testimony that Hemco paid part of appellant’s medical bills is not competent
evidence of medical causation. 
          As the arbiter of factual and legal issues, the judge in a nonjury trial has the
authority to rule on both the legal and factual sufficiency of the plaintiff’s evidence
on the defendant’s motion for judgment after hearing only the plaintiff’s evidence. 
Qantel Bus. Sys., Inc., 761 S.W.2d at 304. On appeal, the legal and factual
sufficiency of the evidence to support the judgment can be challenged as in any other
nonjury case. Ashcreek Homeowner’s Ass’n., Inc., 902 S.W.2d at 587. When we
review legal sufficiency, we review the evidence in a light that tends to support the
finding of the disputed facts and disregard all evidence and inferences to the contrary. 
Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001). When we
review factual sufficiency, we conduct a neutral review of all the evidence. Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986). We will reverse for factual insufficiency
only if the ruling is so against the great weight and preponderance of the evidence as
to be manifestly erroneous or unjust. Minucci v. Sogevalor, S.A., 14 S.W.3d 790, 794
(Tex. App.—Houston [1st Dist.] 2000, no pet.). 
          In a negligence case, the negligent act must be the proximate cause of the
injury. Union Pump Co. v. Allbritton, 898 S.W.2d 773, 775 (Tex. 1995). To establish
causation in a personal injury case, a plaintiff must prove the defendant’s conduct
caused an event and that event caused the plaintiff to suffer compensable damages. 
Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995). A fact finder
may decide the required causal nexus between the event sued upon and the plaintiff’s
injuries when (1) general experience and common sense will enable a layperson fairly
to determine the causal nexus; (2) expert testimony establishes a traceable chain of
causation from injuries back to the event; or (3) expert testimony shows a probable
causal nexus. Weidner v. Sanchez, 14 S.W.3d 353, 370 (Tex. App.—Houston [14th
Dist.] 2000, no pet.); Turnbull v. McIntosh, No. 01-98-01127-CV, 2001 WL 493169,
* at 4 (Tex. App.—Houston [1st Dist.] May 10, 2001, pet. denied) (not designated for
publication).
          To constitute evidence of causation, an expert opinion must rest on reasonable
medical probability. Crye, 907 S.W.2d at 500. According to the Texas Supreme
Court, “[r]easonable probability is determined by the substance and context of the
opinion, and does not turn on semantics or on the use of a particular term or phrase.” 
Id. (citations omitted). The opinion may be expressed in testimony or in a medical
record. Id. While expert testimony concerning the possible causes of the condition
in question is admissible to assist the trier of fact in evaluating other evidence in the
case, a possible cause only becomes probable when, in the absence of other
reasonable causal explanations, it becomes more likely than not that the injury was
a result of its action. Parker v. Employer Mut. Liab. Ins. Co., 440 S.W.2d 43, 47
(Tex. 1969). It is “not absolutely necessary” for the expert to couch his opinion in
terms of “reasonable medical probability.” Duff v. Yelin, 751 S.W.2d 175, 176 (Tex.
1988). 
          The Texas Supreme Court also recognized that lay testimony is sufficient to
prove causation in those cases in which general experience and common sense will
enable a lay person to determine, with reasonable probability, the causal relationship
between the event and the condition. Morgan v. Compugraphic Corp., 675 S.W.2d
729, 733 (Tex. 1984) (although plaintiff offered no expert medical testimony, lay
testimony presented sufficiently established causation between plaintiff’s exposure
to fumes emanating from a typesetting machine and her injuries, which included skin
irritation and problems with her circulatory, digestive, and nervous systems); Lenger
v. Physician’s Gen. Hosp., Inc., 455 S.W.2d 703, 706 (Tex. 1970). Lay testimony
that establishes a sequence of events providing a “strong, logically traceable
connection between the event and the condition is sufficient proof of causation.” 
Morgan, 675 S.W.2d at 733; see also Griffin v. Tex. Employers’ Ins. Ass’n, 450
S.W.2d 59, 61 (Tex. 1969) (“If proof only shows that one event followed another with
a long period of time in between, it is at least as reasonable to conclude that the
events are coincidentally related as causally related.”). 
          In a case where there is no medical testimony as to the cause of an injury, the
evidence will be sufficient to prove causation if it is such that a lay jury could
determine from common experience, with reasonable probability, that the damages
arose from the acts of the defendant. See Lenger, 455 S.W.2d at 706.
          Appellant’s reliance on Blankenship v. Mirick is misplaced. 984 S.W.2d 771
(Tex. App.—Waco 1999, pet. denied). In Blankenship, the court found the evidence
legally and factually sufficient to prove causation in a case involving an automobile
collision. Id. at 773, 775-76. The plaintiff suffered dislocated kneecaps, which she
alleged were caused by the collision with another vehicle. Id. at 776. Her treating
physician could not state in reasonable medical probability whether the plaintiff’s
injury was an aggravation of a pre-existing condition or was caused by the trauma of
the automobile collision. Id. However, the court noted that the “context of [her
physician’s] testimony reveals his firm belief that [the plaintiff’s] kneecaps were not
dislocated immediately following the collision.” Id. at 777. The court, considering
the plaintiff’s and her physician’s testimony, found the testimony legally sufficient
because her lay testimony established “a sequence of events which provides a strong,
logically traceable connection between the [collision] and [her] condition.” Id. at 776
(quoting Morgan, 675 S.W.2d at 733). The court concluded that the combination of
her doctor’s medical testimony, which had narrowed down the causes of her injury
to two possibilities, and her lay testimony were sufficient to prove causation. 
          Appellant claims this case does not require expert testimony because, like in
Blankenship, lay testimony and medical records will suffice to prove causation.


 
Appellant relies on his own testimony as well as that of his daughter, Carmen; his
supervisor at Hemco, Mr. Ibarra; his treating physician, Dr. Sadeghpour; his
neurosurgeon, Dr. Anchondo; his former co-worker at Hemco, Mr. Cruz; and
Hemco’s supervisor, Mr. Celedon. These witnesses, along with the medical records,
demonstrated that a chain of events occurred temporally beginning with the on-the-job lifting of the jig at the Hemco facility and culminating in the diagnostic study
revealing appellant’s herniated disc injury. The medical records indicate appellant
suffered a back injury prior to his July 9, 1997 visit to Dr. Sadeghpour, the doctor
proscribed medication and a course of therapy to appellant with instructions to return
for a follow-up, the initial treatment did not relieve appellant’s pain or symptoms, an
MRI of the lumbar spine revealed a disc herniation at the L5-S1 level, Dr.
Anchondo’s physical examination confirmed the severity of appellant’s back injury,
appellant required surgery that was performed on January 13, 1998, and Dr.
Sadeghpour performed post-surgical therapy on appellant. Hemco argues that
appellant’s evidence, demonstrating a string of events on a timeline, leads merely to
speculation as to the cause of appellant’s injury. 
          Here, no expert ever testified that the accident caused appellant’s herniation. 
Neither appellant’s treating physician, Dr. Sadeghpour, nor his neurosurgeon, Dr.
Anchondo, testified that, in his opinion, appellant’s lifting the equipment at Hemco
caused appellant’s herniated disc. Without expert testimony establishing a causal link
between appellant’s accident at work and his herniation, the trial judge, as fact finder
in a bench trial, could determine that appellant failed to prove, by a preponderance
of the evidence, that appellant’s disc herniation was caused by lifting the jig while
working for Hemco. See Lewis v. Randall’s Food & Drug, No. 14-03-00626-CV,
2004 WL 1834290, at * 4-5 (Tex. App.—Houston [14th Dist.] Aug. 17, 2004, no pet.)
(not designated for publication). In a bench trial, the trial court is the sole judge of
the credibility of the witnesses and the weight to be given to their testimony. Qantel
Bus. Sys., Inc., 761 S.W.2d at 304. Given the lack of expert testimony, the trial
court’s finding is not so against the great weight and preponderance of the evidence
as to be manifestly erroneous or unjust. The evidence was factually sufficient to
support the trial court’s ruling and, because appellant failed to establish causation as
a matter of law, we find the trial court did not err in granting Hemco’s motion for
judgment. 
              Accordingly, we overrule appellant’s first point of error. 
Judicial Admissions
              In his second point of error, appellant contends that statements in Hemco’s 
Second Amended Answer and its Motion for Summary Judgment constitute binding
admissions of medical causation. Appellant argues that because Hemco judicially
admitted that appellant’s lifting the jig at Hemco caused his disc herniation, appellant
is relieved from the burden of proving medical causation and Hemco is barred from
disputing causation at trial. First, appellant claims the following statement in
Hemco’s Second Amended Answer is a judicial admission:
Defendant further pleads that it is entitled to an offset of
any judgment of the Plaintiff, as a non-subscriber of Texas
Workers Compensation, for all amounts paid by Defendant
and/or on its behalf, for medical benefits and wage
benefits. 
 
Second, appellant claims the following statements from Hemco’s Motion for
Summary Judgment are also judicial admissions on the medical causation element:
(1) that appellant “was hurt on the job while picking up a part of a piece of equipment
called a ‘jig’” and (2) that appellant “ruptured a disc in his back and was off work for
a period of time. All his medical bills were paid by the defendant. While the plaintiff
was off work, the defendant paid him his full salary.” In addition, appellant argues
that the testimony of both Hemco’s owner and its shop superintendent at trial are
consistent with the alleged judicial admissions Hemco made in its pleadings. 
          A judicial admission must be a clear, deliberate, and unequivocal statement,
and occurs when an assertion of fact is conclusively established in live pleadings,
making the introduction of other pleadings or evidence unnecessary. Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 905 (Tex. 2000). A judicial admission bars
a party from disputing a fact and relieves his adversary from having to present proof
of the fact. Id. To establish a judicial admission, a party must also prove the
statement is contrary to an essential fact of the defense. Sepulveda v. Krishnan, 839
S.W.2d 132, 135 (Tex. App.—Corpus Christi, 1992), aff’d, 916 S.W.2d 478 (Tex.
1995). 
          Appellant’s argument is without merit for two reasons. First, the mere fact that
Hemco followed its company policy to voluntarily pay the medical bills of its workers
who claimed on-the-job injuries is not an admission that the medical condition that
generated those bills was in fact caused by an on-the-job injury. Second, the
recitation of facts by Hemco in its pleadings that (1) appellant was injured at work
while lifting the jig and (2) appellant subsequently received medical treatment for a
herniated disc is not a clear, deliberate, or unequivocal admission that these two
events are in any way linked or that the former caused the latter. The statements cited
by appellant merely contain a description of facts, but do not relieve appellant of the
burden of proving causation between the statements. 
          Accordingly, we overrule appellant’s second point of error.
Motion to Re-Open
          In his third point of error, appellant contends that the trial court erred in
denying appellant’s Motion to Re-Open for Additional Evidence. Appellant argues 
that the trial court abused its discretion in refusing to permit his counsel to introduce
into evidence affidavits from both Dr. Sadeghpour and Dr. Anchondo stating, in the
professional opinion of each doctor, based on reasonable medical probability, that
appellant’s disc herniation directly resulted from the on-the-job injury he suffered
while lifting a heavy piece of equipment. Appellant claims the trial court should have
admitted these affidavits into evidence because the proposed evidence was decisive,
appellant was diligent in producing evidence before closing, receipt of this additional
evidence would not have caused undue delay, and receipt of the evidence would not
have caused an injustice to Hemco. 
          A trial court may permit a party to offer other additional evidence when it
“clearly appears to be necessary to the due administration of justice.” Tex. R. Civ.
P. 270. In determining whether to grant a motion to reopen, the trial court should
consider whether (1) the moving party showed due diligence in obtaining the
evidence; (2) the proffered evidence is decisive; (3) reception of such evidence will
cause undue delay; and (4) granting the motion will cause an injustice. Lopez v.
Lopez, 55 S.W.3d 194, 201 (Tex. App.—Corpus Christi 2001, no pet.); Three “C”
Project No. 47129 Ltd. P’ship v. Beard, No. 01-94-00350-CV, 1994 WL 543474, at
* 3 (Tex. App.—Houston [1st Dist.] Oct. 06, 1994, no writ) (not designated for
publication); see In re H.W., 85 S.W.3d 348, 357-58 (Tex. App.—Tyler 2002, no
pet.). 
          We review a trial court’s decision to deny a party’s motion to offer additional
evidence for abuse of discretion. In re Hawk, 5 S.W.3d 874, 876-77 (Tex.
App.—Houston [14th Dist.] 1999, no pet.); Turner v. Lone Star Indus., Inc., 733
S.W.2d 242, 245 (Tex. App.—Houston [1st Dist.] 1987, writ ref’d n.r.e.). However,
a trial court does not abuse its discretion by refusing to reopen a case after evidence
is closed if the party seeking to reopen has not shown diligence in attempting to
produce the evidence in a timely fashion. Lopez, 55 S.W.3d at 201 (court did not
abuse its discretion because movant did not show due diligence in obtaining the
evidence); Estrello v. Elboar, 965 S.W.2d 754, 759 (Tex. App.—Fort Worth 1998,
no pet.) (movant “did not show diligence in attempting to produce the evidence in a
timely fashion and the interests of justice do not warrant a second bite at the apple.”). 
The trial court abuses its discretion if it acted without reference to any guiding rules
and principles. Cire v. Cummings, 134 S.W.3d 835, 838-39 (Tex. 2004). The fact
that a trial judge may decide a matter within his or her discretion in a different manner
than an appellate judge in a similar circumstance does not demonstrate the trial judge
abused his or her discretion. Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 242 (Tex. 1985).
          Appellant argues that he acted with due diligence when he “produced the
testimony of his treating physicians, all the medical records associated with his
treatment, and fact witness testimony to support his contentions.” Additionally,
appellant argues he acted with due diligence when he relied on his belief that Hemco
judicially admitted the medical causation issue.
          The facts here show a lack of due diligence. Appellant filed suit on July 22,
1999, but the case did not go to trial until April 2003, nearly four years after appellant
filed. On July 24, 2002, Hemco took the deposition of Dr. Sadeghpour. At that time,
appellant had the opportunity to ask his treating physician what, in his opinion,
caused appellant’s herniated disc, but appellant failed to do so. On November 5,
2002, Hemco took the deposition of Dr. Anchondo, but appellant again failed to ask
this doctor what he believed was the cause of appellant’s herniated disc. Only after
the trial court granted a motion for judgment for Hemco did appellant seek to reopen
evidence to admit the affidavits of Dr. Sadeghpour and Dr. Anchondo. Until the grant
of the directed verdict, appellant made no effort to locate any evidence to support this
essential element of his cause of action. Because appellant did not show he used due
diligence in obtaining this evidence, we hold the trial court did not abuse its
discretion in denying appellant’s motion to reopen for additional evidence.


 
Accordingly, we overrule appellant’s third point of error. 
 
 
 
CONCLUSION
          We affirm the judgment of the trial court. 
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.