Opinion filed June 18, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed June 18,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00171-CV 

                                                     _________

 

THE BEAVER CONSULTING CORP. D/B/A MUNICIPAL
DEVELOPMENT GROUP, Appellant

 

                                                             V.

 

                                        SANDWATER
L.P., Appellee

 



 

                                         On
Appeal from the 295th District Court

 

                                                          Harris
County, Texas

 

                                               Trial
Court Cause No. 2003-58482

 



 

                                             M
E M O R A N D U M   O P I N I O N                    

Sandwater
L.P. filed suit against the Beaver Consulting Corp. d/b/a Municipal Development
Group (MDG) for breach of contract, unjust enrichment, deceptive trade
practices, and breach of common-law warranties.  MDG filed counterclaims for
breach of contract, suit on a sworn account, and quantum meruit.  The trial
court found in favor of Sandwater and awarded Sandwater $37,320 in damages and
$33,518.81 in attorney=s
fees.  MDG appeals from the trial court=s
judgment.  We affirm.








In
July 2002, Sandwater and MDG entered into a contract for MDG to provide
engineering services to Sandwater for the development of a subdivision.  The
contract stated that MDG would provide Athe
necessary planning, surveying and engineering services necessary to accomplish
the development of this subdivision, for a professional services fee not to
exceed $42,000.@  The
contract further stated that MDG would provide the planning, surveying, and
engineering services in compliance with the applicable published regulations of
the City of Jersey Village and Harris County.  The contract provided that any Agovernmental or regulatory
agency required redesign or controversy or redesign due to client desired
changes@ would be
billed by the hour as additional items.  








Frank
Edward Brooks, who is under contract as the City Engineer for the City of
Jersey Village, testified at trial that the plans developed by MDG were not
acceptable to the City of Jersey Village.  Brooks testified to several problems
with the plans submitted by MDG, but the main issue creating controversy
between the parties involved the inclusion of a lift station.  The plans
developed by MDG included  a lift station, and the City of Jersey Village did
not want a lift station on that piece of property.  The City of Jersey Village
Development Code provided that the developer Ashall
not design or construct lift stations or separate treatment facilities unless
such lift stations or separate facilities are more beneficial to the city than
constructing an adequate outfall or approach sewer from the existing system.@  Brooks testified that MDG
needed to show some engineering reason why a lift station was necessary and
that MDG never attempted to show the necessity for a lift station.      MDG did
not submit a set of plans to the City of Jersey Village that did not include a
lift station, and the City of Jersey Village did not approve the plans
submitted by MDG.  MDG informed Sandwater that the removal of the lift station
from the plans would cost additional money.  MDG and Sandwater began to dispute
the engineering fees charged by MDG.   Sandwater agreed to hire a consultant to
help MDG complete the plans without a lift station to gain approval by the City
of Jersey Village.  MDG refused to work with another engineer unless paid
additional money.  Sandwater terminated the contract with MDG and hired a new
engineer to develop the subdivision.       In the first issue on appeal, MDG
argues that the trial court erred in granting judgment for Sandwater on its
breach of contract claim after granting a directed verdict in favor of MDG on
the same claim.  In the second issue on appeal, MDG contends that the trial
court erred in granting judgment for Sandwater on its breach of contract
claim.  After Sandwater rested its case, MDG moved for a directed verdict.  The
trial court granted MDG=s
motion for directed verdict on the breach of contract claim that MDG=s plans did not comply with
the applicable, published regulations of the City of Jersey Village and Harris
County.   The trial court denied MDG=s
motion for directed verdict on the breach of contract claim that MDG refused to
perform the engineering services for the contracted amount.  MDG then presented
its case for its counterclaims against Sandwater.  At the close of evidence,
the trial court granted judgment in favor of Sandwater.  

Rather
than a motion for directed verdict, the proper motion to make after the
plaintiff rests in a bench trial is a motion for judgment.  Qantel Bus. Sys.
Inc. v. Custom Controls Co., 761 S.W.2d 302, 303 (Tex. 1988); Matheus v.
Sasser, 164 S.W.3d 453, 457 (Tex. App.CFort
Worth 2005, no pet.).  On appeal from the trial court=s judgment in a bench trial, the legal and
factual sufficiency of the evidence to support the judgment may be challenged
as in any other case.  Ashcreek Homeowner=s Ass=n,
Inc. v. Smith, 902 S.W.2d 586, 587 (Tex. App.CHouston
[1st Dist.] 1995, no writ).  When we review legal sufficiency, we review the
evidence in a light that tends to support the finding of the disputed facts and
disregard all evidence and inferences to the contrary.  Lee Lewis Constr.,
Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001).  We must credit the
favorable evidence if a reasonable factfinder could and disregard the contrary
evidence unless a reasonable factfinder could not.   City of Keller v.
Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  When reviewing a finding for
factual sufficiency, we consider all of the evidence and will set aside the
finding only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986).  








The
trial court has plenary power to vacate, modify, correct, or reform the
judgment within thirty days after the judgment is signed.  Tex. R. Civ. P. 329b(d).  During this
period, the trial court=s
power to modify its judgment is virtually absolute.  Stallworth v.
Stallworth, 201 S.W.3d 338, 348-49 (Tex. App.CDallas
2006, no pet.). The trial court orally granted a partial motion for judgment in
favor of MDG.  The trial court=s
written judgment does not reference the earlier oral announcement of judgment
in favor of MDG.  The written judgment controls over the trial court=s oral pronouncements.  Nine
Greenway Ltd. v. Heard, Goggan, Blair & Williams, 875 S.W.2d 784, 787
(Tex. App.CHouston
[1st Dist.] 1994, writ den=d). 
Therefore, the written judgment impliedly reversed the earlier oral motion for
judgment in favor of MDG.  The trial court retained plenary power to vacate its
ruling in favor of MDG.  Rule 329b(d).  

MDG
argues that the evidence does not support the trial court=s judgment in favor of
Sandwater on its breach of contract claim. The contract stated that MDG would
provide Athe necessary
planning, surveying and engineering services necessary to accomplish the
development of this subdivision, for a professional services fee not to exceed
$42,000.@  The
contracted services were to be provided in compliance with the applicable
published regulations of the City of Jersey Village and Harris County.  The
published development code for the City of Jersey Village does not allow a
developer to design or construct lift stations unless the lift stations are
more beneficial to the city. 

Despite
the published regulations of the City of Jersey Village, the original plans
prepared by MDG contained a lift station.  MDG did not show an engineering
reason as to why the lift station was necessary.  These plans were not approved
by the City of Jersey Village.  MDG produced revised plans; however, there was
testimony that MDG never provided Sandwater with plans that did not include a
lift station.  MDG did not submit any plans to the City of Jersey Village that
did not include a lift station, and the city did not approve any plans prepared
by MDG.  MDG would not provide Sandwater with any further revisions unless
Sandwater paid additional fees.  The record shows that Sandwater had paid MDG
fees in excess of the $42,000 stated in the contract.  The evidence supports
the trial court=s
judgment in favor of Sandwater on its claim for breach of contract.  MDG has
not shown that Sandwater repudiated the contract or that it was excused from
performance.  MDG=s
first and second issues on appeal are overruled.

In
the third issue, MDG argues that the evidence is factually insufficient to
support the trial court=s
findings of fact and conclusions of law.  Findings of fact in a case tried to
the court have the same force and dignity as a jury=s verdict upon jury questions.   Catalina
v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994).   The trial court=s findings of fact are
reviewable for legal and factual sufficiency of the evidence using the same
standards that are applied in reviewing the sufficiency of the evidence
underlying jury findings.  Id.








A
party may not challenge conclusions of law for factual sufficiency, but we may
review conclusions of law to determine their correctness based upon the facts. 
Rischon Dev. Corp. v. City of Keller, 242 S.W.3d 161, 167 (Tex. App.CFort Worth 2007, pet. den=d); Citizens Nat=l Bank v. City of Rhome,
201 S.W.3d 254, 256 (Tex. App.CFort
Worth 2006, no pet.); Dominey v. Unknown Heirs & Legal Representatives
of Lokomski, 172 S.W.3d 67, 71 (Tex. App.CFort
Worth 2005, no pet.).  We will uphold a conclusion of law if the judgment can
be supported on any legal theory supported by the evidence.  Rischon Dev.
Corp., 242 S.W.3d at 167; Tex. Dep=t
of Public Safety v. Stockton, 53 S.W.3d 421, 423 (Tex. App.CSan Antonio 2001, pet. den=d).  We review conclusions
of law de novo, and we will not reverse unless they are clearly erroneous as a
matter of law.  BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789,
794 (Tex. 2002); Rischon Dev. Corp., 242 S.W.3d at 167.

As
previously discussed, the record supports the trial court=s findings that MDG did not
provide Sandwater with development plans that complied with the published
regulations of the City of Jersey Village and Harris County.  The City of
Jersey Village did not allow the inclusion of a lift station unless shown to be
beneficial to the city, and MDG did not provide Sandwater plans without a lift
station.  The record also shows that MDG did not complete the surveying of the
development as provided for in the contract.  MDG refused Sandwater=s offer to hire a
consultant to assist MDG in revising the plans.  MDG would not release any
plans to Sandwater unless Sandwater paid additional money.  Sandwater paid MDG
more than $42,000 provided for in the contract.  MDG argues that additional
fees were authorized because the contract provided that any Agovernmental or regulatory
agency required redesign or controversy or redesign due to client desired
changes@ would be
billed by the hour as additional items.  However, the revisions were required
because the plans did not comply with the published regulations of the City of
Jersey Village.  The trial court=s
findings are not so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust.  The conclusions of law are supported by the
facts.  MDG=s third
issue on appeal is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

June 18, 2008

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.